BRITISH & AMERICAN MORTGAGE COMPANY *v.* SCOTT.

Opinion delivered December 7, 1901.

TRIAL—INSTRUCTION—QUESTION OF LAW AND FACT.—Where there was a conflict in the evidence as to whether certain machinery was intended to be included in a mortgage or not, it was error to take the question from the jury.

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*Rose & Coleman,* for appellant.

The intention of the parties was clearly that the machinery should pass with and as the real estate; and under the circumstances it was a fixture. 56 Ark. 56; 63 Ark. 625; 65 Ark. 23.

BUNN, C. J. This is an action of replevin brought by the appellant company against appellee Scott to recover the possession of an engine, boiler, grist mill, gin, feeder and condenser, and belts and pulleys attached, all alleged to be attached to land of appellant and wrongfully removed by Scott. Judgment for defendant, and plaintiff appealed to this court.

In 1885, J. H. Scott, the appellee, owned certain lands in Clark county, this state. Upon this land Scott had built a gin and mill, and in said year mortgaged the same to A. R. Shattuck as trustee for the benefit of W. F. Mullen, from whom he had borrowed money, to secure the payment of which he executed the mortgage aforesaid.

On March 5, 1886, Mullen assigned the deed of trust for value to the appellant company, and Albert Crow was afterwards substituted as trustee in the place of Shattuck, and he, on the 22d of July, 1893, made a foreclosure sale of the property, and the appellant company became the purchaser, and received its deed as such on the same day; and on the same day it made its deed to Scott, with reservation of lien, and Scott, having purchased on a credit, gave his second deed of trust to the company on the same property to secure the purchase money.

On the 29th December, 1889, for the purpose of securing the payment of an $800 note of same date, given for said sum of money claimed to be owing to Mrs. Mary K. Trotter, Scott executed and delivered to John Sanders, as trustee, his other deed of trust, in which he conveyed for that purpose his incoming crop of cotton and corn and a large amount of live stock and other property, among which was included one "engine and all fixtures thereunto pertaining; also all the right and title that I possess in (2) cotton gin and sawmill, also one boiler." On the 22d January, 1894, Scott gave a bill of sale to Mrs. Harris, heir at law of Mrs. Trotter, who appears to have died in the meantime, selling to her, among other things, "one twenty-five horse power steam engine heretofore used by me during the past five years, boiler and all fixtures and other attachments relating to said engine and boiler. Also one cotton gin and sawmill, gristmill and one log wagon and other property." The second deed of trust given by Scott to the appellant, July 22, 1893, was foreclosed in chancery, and deed made by the commissioner to appellant as purchaser, dated November 8, 1897. In the deed of trust last named the machinery was required to be insured by Scott, and he obligated himself to assign the policies to appellant.

It will be seen that this was a controversy as to the ownership of the machinery claimed in the replevin suit at bar. The proof shows that this machinery was purchased subsequent to the execution of the deed of trust from Scott to Shattuck in 1885, but to replace some old machinery then in the building; that the mill and gin were used as public mill and gin, and were apparently intended as permanent fixtures to the soil. The substituted machinery was used for the same purpose, and was fastened to the building in the usual way, the boiler being entombed in masonry. On the part of the defendant, it is contended that he intended that the machinery involved should be considered separate and distinct from the realty, and was so treated by him in his sale of same, and as was evidenced otherwise. On the other hand, plaintiff contends that the machinery was fixed to the soil; that it was attached to the buildings in the usual manner, and the boiler was fixed to the soil by being inclosed in masonry; and that defendant, in obligating himself to insure the same for the benefit of the plaintiff as his mortgagee, and from other circumstances, so intended it.

The question of the intention of the parties, where there is any doubt whether or not the contract so expresses it, is one of fact for the jury.

The court refused all the instructions of plaintiff, and directed a verdict for defendant. This was error, and for this error the judgment is reversed, and the cause remanded.