### FEARS *v.* WATSON.

### Opinion delivered June 5, 1916.

1. SALES—RESERVATION OF TITLE—RIGHTS OF VENDEE.—Where chattels are sold with an express reservation of title to the vendor, until the purchase price was paid, the vendee cannot vest an absolute title in another until the purchase price is paid.

2. SALES—RESERVATION OF TITLE—WRITTEN CONTRACT—PAROL EVIDENCE TO VARY.—A note was taken, in payment for the purchase of chattels, expressly reserving title in the vendor. *Held*, parol evidence was inadmissible to prove that the vendor, did not intend to reserve title, and that the form of note so reserving title was used through inadvertence.

3.    Sales—reservation of title—attachment to realty.—The right of the vendor of chattels is not defeated, when the vendee, attached the chattels purchased, and to which the vendor retained title, to land, which he held by lease.

Appeal from Greene Circuit Court, First Division; *W. J. Driver,* Judge; reversed.

*M. P. Huddleston, Robt. E. Fuhr* and *J. M. Futrell,* for appellant.

1. The sale was conditional, the legal title being reserved in Bertig Bros., and it was error to admit testimony to contradict the written instrument. 78 Ark. 569; 91 *Id.* 319; 2 Wig. on Ev. § § 897, 898; 82 Ark. 286; 81 *Id.* 595; 86 *Id.* 169; 11 Cyc. 724, 728.

2. The articles did not become fixtures. 27 Ark. 332; 62 *Id.* 450; 73 *Id.* 227; 56 *Id.* 52; 93 *Id.* 77. It was error to direct a verdict.

No brief filed for appellee.

Hart, J. B. M. Fears sued R. L. Watson in replevin to recover some wire fencing, some pump pipe and a pump point. The material facts are as follows:

John Zollman leased certain lands from R. L. Watson. During the life of the lease, Zollman purchased from Bertig Bros. some wire fencing, a pump point and some pump pipe for the sum of $13.60, for which he executed a note due Oct. 15, 1914. Ben Fears signed the note as surety. The note contained the following: "It is expressly agreed that the title and ownership of all said property shall remain in Bertig Bros. until the full purchase price is paid," etc. The note was made on the regular printed form prepared and used by Bertig Bros. when they sold personal property and retained title in themselves until it was paid for. On the back of the note was endorsed the following:

Pump ................$13.60

Pipe .................. .75

Point ............... 14.35

Wire ................

Bertig Bros. assigned the note to Ben Fears and also gave him a bill of sale of the personal property above described. After the articles were purchased by Zollman he attached them to the leased property. It was shown by parol evidence that Bertig Bros. did not intend to retain title to the articles in question, but that form of note was used because it happened to be lying upon the desk at the time the purchase was made. The court directed a verdict for the defendant Watson and the plaintiff Fears has appealed.

In the case of *Peck-Hammond Company* v. *Walnut Ridge School District,* 93 Ark. 77, where a heating apparatus was sold to the contractor of a public schoolhouse, to be installed there upon condition that the title should remain in the vendor until the purchase price was paid, but the school board had no knowledge of such condition, and the apparatus was installed in the building, it was held that the reservation of title could not be enforced. In that case the vendor knew that the articles sold were to be installed in the building and that the building was not erected for the contractor but was being built for use as a school house by the public. The principle there announced has no application to the facts of the present case. Here the vendor of the articles expressly reserved the title until the purchase price was paid, and the vendee could vest no absolute title in another until he paid the purchase money.

Zollman could not by affixing the article to the land leased by him from Watson vest the title in the latter. This point was so ruled in the case of *Butler* v. *Adler-Goldman Commission Co.,* 62 Ark. 450. It was not competent to show by parol testimony that it was not the intention of Bertig Bros. to reserve title in themselves until the property was paid for. The admission of this testimony violated the well-known rule that parol evidence is not admissible to contradict or to vary or add to any of the terms of a written contract. When Bertig Bros. sold the articles to Zollman and took his note therefor on the printed form of contract, their previous negotiations be-

came merged in the written contract and it could not be varied by parol testimony. The note in plain terms reserved the title to the property sold in the vendors until it was paid for. The printed form of contract did not have room enough to place more than one article and there being more than one article sold, these articles were placed upon the back of the printed form. This was done for the purpose of identifying the articles and the endorsement became a part of the written contract.

It follows that the court erred in directing a verdict for the defendant and for this error the judgment will be reversed and the cause remanded for a new trial.