## HALL *v.* BURNS.

Opinion delivered November 15, 1920.

1. FIXTURES—EFFECT OF WARRANTY DEED.—As between vendor and vendee, a warranty deed without reservations passes to the vendee all the property attached to the realty which is necessary, essential and adapted to the use of such property.

2. FIXTURES—KITCHEN CABINET.—A kitchen cabinet attached to a house in such way that it could not be removed without prizing it up or removing the molding, and without leaving the room in an unfinished condition, is a fixture, as between vendor and purchaser.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Huddleston, Fuhr & Futrell,* for appellant.

The material facts here are undisputed, and it was error to send it to a jury. A verdict should have been directed and left to the jury to fix the damages. 38 Cyc. 1565-7; 97 Ark. 438, 442.

The cabinet was not a fixture but only a piece of furniture. 72 Am. St. Rep. 138. If a *fixture* at all, it was a domestic fixture and not a part of the realty. 40 S. E. 747; 67 L. R. A. 669. It was not a fixture. Tiedeman, Real Prop. (3 ed.), § 15; 120 Ark. 252; 1 Jones on Mortg., p. 620; 108 Mass. 191; 37 Am. Rep. 471.

*S. R. Simpson,* for appellee.

There is no error in the instructions. The cabinet was a fixture and part of the realty. 19 Cyc. 1408 (3); 52 Am. Dec. 615; 93 *Id.* 299. The true rule is laid down in 19 Cyc. 1036. See, also, 29 Cyc. 1037; 63 Ark. 625; 120 *Id.* 252. The intention of the party who annexes a chattel is the real test whether or not it remains a chattel or becomes a fixture. The cabinet was annexed to the realty. 73 Ark. 227.

The evidence was conflicting, and a case for a jury was made. 70 Ark. 230; 138 *Id.* 31-2.

The objections to the instructions not properly made, but they stated the law correctly, and the verdict is sustained by the law and the evidence.

HUMPHREYS, J. Appellee instituted suit against appellant in the Greene Circuit Court to recover the value of an alleged fixture and the damage caused by its removal from a dwelling sold by appellant to appellee, between the date of the sale and the date upon which appellee took possession of the premises. It was alleged that the fixture removed was a built-in kitchen cabinet. Appellant filed answer, denying that the kitchen cabinet was a fixture, but, on the contrary, alleged that it was only a piece of furniture.

The cause was submitted to the jury upon the pleadings and instructions of the court, which resulted in a

verdict and judgment of $10 against appellant, from which an appeal has been duly prosecuted to this court.

The substance of the facts is so briefly stated by appellant that we adopt the statement with slight modifications. Appellant sold appellee his home in Marmaduke for $4,000, and made no reservation of the kitchen cabinet in the deed. After the sale, and before appellee took possession, appellant removed the cabinet. This cabinet was a piece of furniture eleven feet long, thirty inches high, twenty-eight inches deep, with a back to it, complete like a counter, upon one end of which was another cabinet, or box, not fastened to the eleven-foot box, but merely sitting loosely upon it in the corner of the room. In order for the cabinet to fit closely up against the wall, eleven feet of the base-board and moulding on the north side of the room was removed and seven inches of the lower window casing and apron sawed off, three one-inch strips laid down on the floor and the cabinet placed on these strips and pushed back to place in the corner. The quarter-round, which had been removed, was then tacked around the outer edge of the cabinet, which came up higher than the cabinet and kept the mice from getting under it. Thus placed, it was impossible to remove the cabinet without prizing it up above the moulding or first removing the moulding. The house was built in the year 1909, or 1910, and this cabinet was made and placed in one room of the house in the year 1914. After the cabinet was placed in the room, and before appellant, Hall, sold the house to appellee, Burns, this room had been repapered without removing the cabinet and papering behind it, and, when the cabinet was removed by appellant, he fastened the base-board and quarter-round and portions of the window casing back in place. This gave an unfinished appearance to that part of the wall against which the cabinet had sat and left the walls of the kitchen covered with two kinds of paper.

The rule governing fixtures in a building, as between vendor and vendee, was recently announced by this court

in the case of *Stone* v. *Suckle,* 145 Ark. 137. · In substance, the rule announced is as follows: "As between a vendor and vendee, a warranty deed without reservations conveying real property passes to the vendee all the property attached thereto which is necessary, essential and adapted to the use of such property; and where a vendor conveyed to a purchaser a hotel property in which he had placed certain ceiling fans which were adapted to the use of the hotel, and were necessary to its use as such, and in his deed of conveyance made no reservation thereof, the title to such fans passed to the vendee, notwithstanding the vendor did not intend to convey them with the hotel." The undisputed evidence not only shows that the cabinet was a necessary and convenient improvement adapted to the use of the house as a residence, but but was attached so that it could not be removed without prizing it up or first removing the moulding which had been nailed to the floor around it, and, when removed, it left the room in an unfinished condition. These undisputed facts established the cabinet to be a fixture as between the vendor and vendee, and the only question for the court to have submitted to the jury was the value thereof and the damages resulting from its removal. The main issue, as well as that of the value of the cabinet and damages for removal thereof, was submitted to the jury, so appellant received more favorable consideration by the submission of the main issue than he was entitled to.

Under this view of the case, it is unnecessary to discuss the alleged errors in giving and refusing instructions. The judgment is affirmed.