(104 So. 122)

No. 24909.

GAUCHE REALTY CO., Limited, v. JANSSEN et al.

(March 30, 1925.   Rehearing Denied April 27, 1925.)

*(Syllabus by Editorial Staff.)*

**Landlord and tenant** ⟜157(4)—**Marble wainscoting, plumbing, electric light fixtures, etc., in restaurant held "permanent improvements" not removable by lessee at expiration of lease.**

Marble wainscoting, plumbing, electric light fixtures, etc., placed in building at time of execution of lease to meet requirements of lessee's restaurant business, *held* "permanent improvements," which lease provided should become sole property of lessor at termination of lease, and hence not removable by lessee, especially in view of Rev. Civ. Code, arts. 468, 469.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Permanent Improvement.]

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by the Gauche Realty Company, Limited, against Herman J. Janssen and the Janssen Catering Company, Limited. From a judgment for plaintiff, the defendant last named appeals. Affirmed.

Quintero & Quintero and John C. Davey, all of New Orleans, for appellant.

James J. McLoughlin, of New Orleans (Oscar Schreiber and Frank McLoughlin, both of New Orleans, of counsel), for appellee.

ROGERS, J. In the month of July, 1909, plaintiff leased to defendant Herman J. Janssen for a period of ten years certain property in the city of New Orleans to be used solely as a restaurant. On February 4, 1910, by mutual consent, the said lease was transferred to the Janssen Catering Company, Limited, of which said Janssen is the president, the other defendant herein, which assumed all the obligations imposed by said lease upon the original lessee.

At the time of the execution of the lease to Janssen in 1909, extensive alterations and repairs were made to the premises in order to meet the requirements of the lessee's restaurant business, each of the parties paying for certain portions of this work.

When the lease was about to expire, defendant Janssen notified plaintiff that the lease would not be renewed, and plaintiff thereupon leased the premises to Lawrence A. Abadie, who was to continue using them for restaurant purposes.

On September 30, 1919, the day on which his lease expired, without any notice to plaintiff, defendant Janssen placed a num-

ber of workmen in the establishment and began removing everything that was removable. The plumbing, electric light fixtures, pipes, toilets, sinks, and other appurtenances were taken out, and even the marble wainscoting attached to the walls of the building, was carried away, leaving the walls in their original roughened and unfinished condition.

When plaintiff learned of defendant's actions, much of the property had been removed and some of it destroyed. Nevertheless, plaintiff applied for and obtained an injunction to prevent the further removal of the marble wall, or wainscoting, and other permanent improvements. Notwithstanding this injunction, defendant Janssen persisted in removing the property; and, although he had excepted to the suit on the ground that he was not the lessee, having transferred the lease to the Janssen Catering Company, Ltd., he was adjudged guilty of contempt of court on a rule taken for that purpose.

Plaintiff thereupon filed a supplemental petition impleading the Janssen Catering Company, Limited, as a party defendant. In this petition, plaintiff set forth in detail the actions of the defendant, and prayed for a judgment perpetuating the injunction, and condemning defendants in the sum of $17,000 to reimburse plaintiff for the walls and other property removed, and for the amount it was forced to expend to make the premises usable.

The court below gave judgment against Janssen and the Janssen Catering Company, Limited, in the sum of $6,235.55, with interest and costs, and perpetuated the injunction which it had previously issued. On a motion for a new trial, the court granted a new trial as to Janssen, but refused it as to the Janssen Catering Company, Limited. From the judgment the Janssen Catering Company, Limited, appealed.

Plaintiff bases its case on a clause in the lease reading as follows, viz.:

"All permanent improvements placed on said premises by the said lessee shall, at the termination of this lease, whether by limitation or otherwise, become the sole property of the lessor without any compensation therefor."

The sole question to be determined, therefore, is whether or not the improvements which defendant removed were "permanent improvements," and, if so, what was their value.

The court below held that the marble wainscoting was a permanent improvement, and it allowed $5,360, which was shown to be the amount required to replace said work. The court also awarded $875.55 as the cost of putting the premises in a temporarily usable condition. The sum of these two items ($6,235.55) is the amount of the judgment rendered in plaintiff's favor.

It is undisputed and indisputable that the improvements which were made coincidently with the original lease were necessary in order to place the leased premises in condition to be operated as a restaurant by the lessee. They were not temporary, but were permanent in character. The marble wainscoting, which rested on the subfloor under the tile floor, extended nearly around the entire place, and was attached to and held to the walls by plaster and by copper hooks. The walls were left rough and unfinished, and this wainscoting was clearly intended to constitute their permanent finish. The other articles removed, and for which an allowance was made, were also necessary appurtenances to a restaurant. Without these improvements the premises could not have been used for the purpose for which they were leased.

The language which we have quoted from the lease is not meaningless. It is obvious that the parties in using it had a distinct and definite purpose in view, and it is not unreasonable to conclude that the improvements which were about to be made were considered as permanent in character, and

were the ones specifically intended to be covered by the clause in the contract. In fact, so far as the record discloses, they were the only improvements placed upon the premises during the whole term of the lease.

The provisions of Rev. Civ. Code, arts. 468 and 469, and the principles enunciated in the cases of Mackie v. Smith, 5 La. Ann. 717, 52 Am. Dec. 615, and Scovel v. Shadyside Co., 137 La. 918, 69 So. 745, Ann. Cas. 1917B, 178, are in accord with the views which we have herein expressed.

For the reasons assigned, the judgment appealed from is affirmed. at appellant's cost.