## ANDERSON *v.* SOUTHERN REALTY COMPANY.

### Opinion delivered March 26, 1928.

1. FIXTURES—INTENTION OF PARTIES.—Where an intention is shown on the part of the parties interested to make articles of personalty permanent parts of the building in which they are installed, and such articles serve a distinct and permanent purpose, intimately and necessarily related to the use and purpose for which the building is constructed, they become a part of the realty, and the title thereto passes by a sale of the building.

2. FIXTURES—KITCHEN CABINETS, REFRIGERATORS, AND GAS STOVES.—Kitchen cabinets, refrigerators, and gas stoves in an apartment, placed therein after execution of a mortgage under which the building was sold, *held* not fixtures, in the absence of evidence showing an intention that such unattached articles would constitute fixtures therein.

3. FIXTURES—GAS STOVE.—The fact that a gas cooking stove in an apartment building was fastened to the gas supply pipe by a screw which could be detached by any one by merely unscrewing it, without damaging the building, *held* not to operate to make a fixture of such stove, contrary to the intention of the parties.

Appeal from Pulaski Chancery Court; *Frank H. Dodge*, Chancellor; reversed in part.

*Buzbee, Pugh & Harrison,* for appellant.

*John L. Carter* and *Utley & Hammock,* for appellee.

SMITH, J. This suit was brought to restrain appellee from removing from an apartment building certain kitchen cabinets, kitchen stoves and refrigerators, the title to which was claimed by appellant apartment company, which company had bought certain lots in the city of Little Rock on which there was an apartment building, consisting of twenty apartments, at a commissioner's sale. In each apartment there was a kitchen cabinet, a refrigerator, and a gas kitchen cooking stove, which articles were alleged to be fixtures which were acquired under the commissioner's deed. The sale by the commissioner was under a decree foreclosing a mortgage on the lots, but the alleged fixtures here involved were bought and placed in the building some months after the execution of the mortgage.

The defendant filed an answer, in which it admitted that plaintiff had bought the apartment building, in which the articles alleged to be fixtures were located, at a commissioner's sale, and that it was the owner of the record legal title to the lots on which the apartment building stood, and that it had, as alleged in the complaint, executed a quitclaim deed to these lots to the plaintiff. It appears, however, that the quitclaim deed was executed after a conference for the purpose only of clearing up the title conveyed by the commissioner under the decree foreclosing the mortgage and to clear up a controversy which had arisen as to the payment of a premium on a fire insurance policy on the building, and that no question was made at the time of the execution of the quitclaim deed about conveying the stoves, etc., as fixtures, and that the grantor in this quitclaim deed had no such intention. Defendant asserted ownership of the alleged fixtures, in its answer, for the reason that they were no part of the apartment building, and were not embraced or included in the quitclaim deed.

The architect who erected the apartment building, and who owned an interest therein at the time of its erection, testified that the contract for the erection of the building did not include the stoves, etc., and that, when a building contract included such articles as fixtures, they were shown on the plans of the building, and the alleged fixtures here involved were not included in the plans.

V. N. Carter, who at one time owned the building, and who installed the stoves, etc., testified that it was not a fact that all apartment buildings have the equipment here involved, and that he rented one apartment in this building to a tenant who furnished his own stove, and that he himself occupied one of the apartments for a time, during which he also furnished his own stove.

By stipulation signed by the parties the value of the equipment here in litigation was agreed upon.

The court found for the plaintiff for the stoves and for the defendant for all the other property, and the plaintiff appealed, and the defendant has perfected a cross-appeal.

It appears that the stoves were fastened to the gas-supply pipes by a screw, which could be detached by any one by merely unscrewing it, and that doing this would inflict no damage whatever to the building, and would, in fact, leave no evidence that it had been done. The other articles were not in any manner attached to the floor or walls of the building. There appears therefore no distinction in regard to the ownership of the equipment, except that the stoves were screwed to the gas-supply pipes and that the other articles were not in any manner attached to the building.

We are of the opinion that this circumstance is not sufficient to distinguish the ownership of the stoves from the other articles. In other words, the plaintiff acquired all the property here involved by the commissioner's deed or none of it, and the title to all of it depends upon

the intention of the parties at the time of its installation in the building.

The law appears to be that, where an intention is shown on the part of the parties interested to make articles of personalty permanent parts of the building in which they are installed, and where those articles serve a distinct and particular purpose, intimately and necessarily related to the use and purpose for which the building was constructed, they become a part of the realty, and the title thereto passes by a sale of the building. The law on the subject was discussed and the authorities reviewed in the recent case of *Stone* v. *Suckle,* 145 Ark. 387, 224 S. W. 735. No useful purpose would be served by again reviewing these authorities.

The case of *Hanson* v. *Vose,* 144 Minn. 264, 175 Minn. 113, 7 A. L. R. 1573, contains an annotator's note on the specific subject of "Gas Range as Fixture," and it is there said that: "The rule adopted in a majority of the decisions is that a gas range, when installed in a dwelling and connected with a supply-pipe, does not thereby become a fixture, although it may become such by agreement between the parties." The annotator's note reviews a number of cases on the subject. A more extended note on the same subject is found appended to the case of *Gauche Realty Co.* v. *Janssen,* 158 La. 379, 104 So. 132, 39 A. L. R. 1042.

The testimony shows that the equipment had not been installed when the mortgage was executed through and under the foreclosure of which the plaintiff claims, and that the quitclaim deed was executed for the purpose only of clearing the title acquired at that sale and of adjusting the matter of the insurance premium.

The court below evidently found the fact to be that there was no intention that the unattached articles should become fixtures, and this finding does not appear to be contrary to the preponderance of the evidence, but that the stoves had become fixtures because of their attachment to the gas-supply pipes. As we have said, this

attachment would not operate to make a fixture of the stoves if such was not the intention of the parties. The law is so declared in the annotator's notes in the cases cited.

It follows therefore that the decree of the court below will be affirmed on the direct appeal and reversed on the cross-appeal, and the bill seeking to enjoin the appellee from removing the equipment will be dismissed as being without equity.