EVANS *v.* ARGENTA BUILDING & LOAN ASSOCIATION.

Opinion delivered December 16, 1929.

*Jacoway, Miles, Donham & Fulk,* for appellant.

SMITH, J. This suit was brought by the Argenta Building & Loan Association, hereinafter referred to as the association, to foreclose a mortgage on a house and lot in the city of North Little Rock, executed to it by E. A. Hayes and Mary, his wife. The Enterprise Plumbing Company, hereinafter referred to as the company, intervened and claimed the right to remove certain fixtures which had been placed on the premises under a contract between it and one G. W. Massey, who was then in possession of the property under a contract to purchase it.

It was alleged, and testimony was offered tending to show, the fixtures were installed, with the knowledge and consent of the association, under an agreement between the company and Massey, whereby the title to the fixtures should remain in the company until fully paid for; but the general finding of the court indicates that this contention was not sustained by the testimony. How-

ever, the testimony does establish the fact that the fixtures were installed under an agreement between the company and Massey whereby the title thereto was reserved in the company until the fixtures and the cost of installation had been paid; and, it being shown that the agreed purchase price had not been paid, the right to remove the fixtures was claimed. The court found against this contention, and dismissed the complaint as being without equity, and made perpetual the temporary order previously issued, which restrained the removal of any of the fixtures, and this appeal has been duly prosecuted to reverse that decree.

The case of *Beatrice Creamery Co.* v. *Sylvester,* 179 Pac. 154, 65 Colo. 569, involved the validity of an agreement between the buyer and seller of an article affixed to real estate, that it should remain personalty, and the case is extensively annotated in 13 A. L. R. 441. In a note to the case the annotator says that ''the preponderance of authority is to the effect that, where the removal of the fixtures will not materially injure the premises, the seller thereof retaining title thereto may assert his right as against a prior mortgagee of the realty.'' A large number of cases are cited in support of this statement, but we do not review them, as the principles announced accord with the law as declared in previous decisions of this court. *Hachmeister* v. *Power Mfg. Co.,* 165 Ark. 469, 264 S. W. 976; *Anderson* v. *Southern Realty Co.,* 176 Ark. 752, 1 S. W. (2d) 27. See also *Fears* v. *Watson,* 124 Ark. 341, 187 S. W. 178; *Continental Gin Co.* v. *Clement,* 176 Ark. 864, 4 S. W. (2d) 901.

The reasoning of the court in the cases cited sustains the law as stated in the annotator's note from which we have quoted.

The seller of fixtures, who has retained the title thereto, and has installed them on mortgaged premises under a contract with the mortgagor, may, upon default in payment, remove them; but this right cannot be exercised where the removal of the fixtures would materially injure the premises. This is true for the reason, as

pointed out in a number of the cases cited in the annotator's note *supra,* that the conditional vendor has no right, by injuring the premises, to impair or diminish the mortgagee's security.

Here the testimony shows that, under the conditional sale whereby the title was reserved, the company installed certain lines of pipe by which pure water might be furnished and sewerage connections afforded, and there was also put in place in the bathroom a "closet combination, consisting of bowl, tank and seat." The testimony is to the effect that these articles were attached to the floor and walls with screws, and might be removed without material damage to the building or the premises; but the testimony also shows that to remove the pipe would leave holes in the floor and walls of the building, and would require the excavation of the premises adjacent to the house, as the pipe had been placed in the ground. This latter work would disfigure the building and damage it, as well as the ground adjacent to it, and the right to remove the pipe does not exist. We perceive no reason, however, why the closet combination, consisting of the bowl, tank and seat, may not be removed, as their removal will cause no material damage to the property.

The decree of the court below will therefore be modified to the extent of holding that the closet combination may be removed. In other respects it will be affirmed.