McGREGOR *v.* CAIN.

Opinion delivered December 23, 1929.

*Ross Mathis,* for appellant.

*Roy D. Campbell,* for appellee.

MEHAFFY, J. In October, 1928, the county judge of Woodruff County, acting under § 5775 of Crawford & Moses' Digest, appointed a board of visitors, consisting of six members, men and women. Two of the members were to serve one year, two for two years, and two for three years. After the board was appointed, they met at the courthouse at McCrory, on the 5th day of November, 1928, and unanimously recommended to the county judge the appointment of Mrs. Ida Cain as chief probation officer for the coming year. Their report and recommendation was filed with the county judge, and thereafter, on the 12th day of November, 1928, the time fixed by law for the convening of the quorum courts of the State, the quorum court made an appropriation to pay the salary of the chief probation officer of the county. The resolution adopted by the quorum court is as follows:

"Resolution to pay salary of probation officer. Whereas the county judge of Woodruff County, under the provisions of § 5775 of Crawford & Moses' Digest of the Laws of Arkansas, has appointed six reputable women and men to constitute a board of visitation; and whereas said board of visitation so appointed has duly convened in the courthouse at McCrory, Arkansas, on the 5th day of November, 1928, and, after being duly organized as provided by law, unanimously agreed upon the chief probation officer of Woodruff County and recommended her appointment as such to the county judge; and whereas the said board of visitation has also recommended that the salary of the chief probation officer be fixed at the sum of $150 per month for the ensuing year of 1929, now therefore be it resolved by the quorum court of Woodruff County, that the sum of $1,800 be and is hereby appropriated from the revenues of the fiscal year of 1929 to pay the said salary of the chief probation officer of Woodruff County, Arkansas,

as selected by the board of visitation of Woodruff County.''

The next day after the quorum court had passed the resolution and made the appropriation, an order was entered upon the records of the county court appointing Mrs. Ida Cain as chief probation officer of the county until the 13th day of November, 1929, at a salary of $150 a month. The order of the county court is as follows:

"In the matter of a probation officer of Woodruff County. In pursuance to a recommendation made by the board of visitation and an appropriation made by the quorum court, recommending the appointment of Mrs. Ida Cain to the office of probation officer of Woodruff County, Mrs. Ida Cain is hereby appointed as such probation officer for Woodruff County, to serve for a term of one year beginning from this date, November 13, 1928, at a salary of one hundred per month and fifty dollars per month for expenses, payable on this date monthly. The county clerk is hereby ordered and directed to issue to the said Ida Cain, as probation officer, a warrant on the county general fund for the amount of one hundred and fifty dollars each and every month until her commission expires, November 13, 1929.''

The probation officer entered upon and continued the discharge of her duties, and on the 13th day of November a warrant for the sum of $150 was issued to her, and also on the 14th day of January another warrant was issued for $150, payable to Mrs. Ida Cain.

On the 12th day of February, 1929, Alex C. McGregor, as a citizen and taxpayer of Woodruff County, filed his affidavit and bond for an appeal from the order of the county court appointing Mrs. Cain as probation officer and fixing her salary. The appeal was allowed, and transcript filed in the circuit court.

On the first day of January, 1929, Alex C. McGregor assumed the office of county judge of Woodruff County, and thereafter caused the following order to be entered upon a record of the court:

"And now on this day, it appearing to the court that the clerk of this court on January 14, 1929, issued warrant No. 1138 in favor of Mrs. Ida Cain, in the sum of $150, which warrant had not been authorized by this court, the treasurer is hereby directed not to honor said warrant, and the clerk of this court will make and certify to the treasurer a copy of this order."

From this order Mrs. Ida Cain prosecuted an appeal to the circuit court. The two cases were consolidated in the circuit court, and on February 28, 1929, the following order was entered in the circuit court:

"That the appointment of Mrs. Ida Cain as chief probation officer of Woodruff County was justified under the law, and that the quorum court had a right, under the condition of the revenues of the county, to make the appropriation. (Cause No. 146). As to cause No. 145, the court finds that the order of the county judge made on the 24th day of January, 1929, canceling the warrant issued to Mrs. Ida Cain in the sum of $150, be vacated and set aside."

To reverse this judgment of the circuit court this appeal is prosecuted.

Appellee states: "It seems to us the only matter for consideration in the case is whether or not the appointment of the appellee as chief probation officer of the county was authorized by law; if so, the county is liable for the payment of her salary for the time in question."

County courts in the several counties of this State are authorized by statute to appoint probation officers. Section 5765, Crawford & Moses' Digest.

There is no constitutional or statutory provision fixing a definite term for the probation officer appointed by the county court. The appointment of the appellee to serve for a term of one year beginning on the 13th day of November, 1928, was not a valid appointment, because the term of the county judge who made the appointment expired December 31, 1928. The appointment of a county probation officer extending beyond a term of the

county judge is invalid except for the balance of the term of the county judge who made the appointment.

We said in a recent case: "It is a rule of universal application that, where an office is filled by appointment, and no definite term of office is fixed by a constitutional or statutory provision, the office is held at the pleasure of the appointing power, and the incumbent may be removed at any time. But the power of removal is not incident to the power of appointment where the extent of the term of office is fixed by Constitution or statute." *Beasley* v. *Parnell,* 177 Ark. 912. See also *Patton* v. *Vaughan,* 39 Ark. 211; *Ex parte Hennen,* 13 Peters (U. S.) 230; *Blake* v. *United States,* 103 U. S. 227.

The county probation officer is a county officer, and the case is wholly unlike the cases where the county judge or the county court is authorized to make a contract. In such cases the expiration of the term of the individual who was county judge at the time the contracts were made does not invalidate the contract. This, however, is not true of officers where the county judge or county court is authorized to make the appointment and the law fixes no term. Of course, if the appointment was invalid, as we hold that it was, the warrants issued would be without authority. And, holding as we do that the appointment could not extend beyond the term of the county judge, it becomes unnecessary to discuss or decide the other questions discussed by counsel.

The judgment of the circuit court is reversed, and remanded with directions to enter a judgment in accordance with this opinion.