60

5-3729                                          398 S. W. 2d 60

Opinion delivered January 17, 1966

*H. Clay Robinson,* for appellant.

*Dobbs, Pryor and Dobbs,* for appellee.

George Rose Smith, Justice. This is an action by the appellants upon a fire insurance policy issued by the appellee. The policy provided coverage of $10,000 upon the appellants' dwelling and $4,000 upon unscheduled personal property. The dwelling and its contents were damaged by fire in 1964. The insurer paid the full limit of its liability for unscheduled personal property and paid $5,220.14 for damage to the dwelling.

The only item now in dispute is damage of $335.01 to a wall-to-wall carpet. The homeowners contend that the carpet was a fixture, so that its loss falls within the coverage upon the dwelling. The trial court held, however, that the carpet was personal property, for the loss

of which the insurance company had discharged its maximum possible liability of $4,000.

All the facts were stipulated. When the plaintiffs bought the house the downstairs floors were covered with wall-to-wall carpeting that had worn out. About a month before the fire the plaintiffs moved this carpeting upstairs and replaced it with new carpeting downstairs. The new carpet was specially cut to fit the house; its effect in enhancing the value of the house was greater than its resale value. It was attached to the floor with tacks around the edges and could have been removed without damage to the house.

The hardwood floor under the carpet had been patched with unfinished boards. It was stipulated that the plaintiffs (if permitted to do so) would have testified: (a) That if they had removed the carpet to use the bare floor they would have relaid and refinished parts of the floor; (b) that in laying the carpet they meant for it to become part of the house; and (c) that if they should sell the house it would be their intention to sell the carpeting along with the building.

The case was tried by the court sitting without a jury. Even though there was an agreed statement of facts the court's judgment has the binding effect of a jury verdict if there were inferences and conclusions to be drawn from the stipulated proof. *Robson* v. *Tomlinson,* 54 Ark. 229, 15 S. W. 456 (1891). Thus the question is whether it must be said as a matter of law that the wall-to-wall carpeting was a fixture. In many cases we have held such an issue about an asserted fixture to be one for the jury. *Thomas Cox & Sons Mach. Co.* v. *Blue Trap Rock Co.,* 159 Ark. 209, 251 S. W. 699 (1923); *Bache* v. *Central Coal & Coke Co.,* 127 Ark. 397, 192 S. W. 225 (1917); *British & Am. Mtg. Co.* v. *Scott,* 70 Ark. 230, 65 S. W. 936 (1901).

Here the question was plainly one of fact. It is agreed that the carpeting could have been removed with-

out any damage to the floors. Such ready removability supports the conclusion that the article is not a fixture. See *Anderson* v. *Southern Realty Co.*, 176 Ark. 752, 4 S. W. 2d 27 (1928). On the other hand, the carpeting was cut to fit this particular house—a circumstance that led the plaintiffs to regard it as so much a part of the dwelling that they would only have sold the house and carpeting as a unit. This determination on their part is clearly not conclusive of the issue. Bookcases, tables, cabinets, and other pieces of stationary furniture are often constructed to fit a particular wall or corner in a particular room. Nevertheless, if they merely stand in place without being permanently attached to the house they are certainly not fixtures as a matter of law, no matter how sincere the owner may be in his determination not to sell the house apart from such custom-built furniture.

Whether wall-to-wall carpeting is a fixture has been considered in a number of other states. The decided majority of the cases have concluded that such carpeting is not a fixture. *Plough* v. *Petersen*, 140 Cal. App. 2d 595, 295 P. 2d 549, 55 A. L. R. 2d 1042 (1956); *Maas Bros* v. *Guaranty Fed. Sav & Loan Assn.*, 157 So. 2d 528 (Fla. App., 1963); *Hartford Fire Ins. Co.* v. *Balch*, 350 P. 2d 514 (Okla., 1960); *Ruby* v. *Cambridge Mut. Fire Ins. Co.*, 358 S. W. 2d 943 (Tex. Civ. App., 1962); *Dusenberry* v. *Taylor's*, 7 Utah 2d 383, 325 P. 2d 910 (1958). *Contra*: *Merchants & Mechanics Fed. Sav. & Loan Assn.* v. *Herald*, 201 N. E. 2d 237 (Ohio App., 1964).

As an alternative argument the appellants contend that, regardless of its character as a fixture, the carpeting should be held to fall within this language in the insurance policy: "This policy covers: dwelling building described in the Declarations, including its additions and extensions, building equipment, fixtures and outdoor equipment pertaining to the service of the premises (if the property of the owner of the dwelling), while located on the premises of the described dwelling or temporarily elsewhere, and all materials and supplies on such prem-

63

ises or adjacent thereto incident to the construction, alteration or repair of such dwelling."

The appellants stress this part of the quoted clause: ". . . dwelling building described in the Declarations, including its . . . fixtures . . . while located on the premises of the described dwelling or temporarily elsewhere." It is argued that the reference to the "dwelling building" is in itself sufficient to encompass everything that is defined by the law as a fixture. Hence, the appellants insist, the further reference to "fixtures" indicates an intention on the part of the parties to refer to something in addition to what the law regards as a fixture. We are cited to the case of *Cosgrove* v. *Troescher,* 62 App. Div. 123, 70 N. Y. S. 764 (1901), where the court said that "carpets, window shades, and *gas fixtures* are movables, and not *fixtures.*" (Emphasis supplied.)

This argument does not reach the situation presented here. It is true that one may refer, in everyday speech, to an electrical fixture or to a gas fixture without intending to employ the technical legal definition of a fixture. Hence if this case involved such a removable electrical or gas appliance the appellants' argument might be persuasive. But we are not aware of any usage in everyday speech that refers to a "carpet fixture" or to a "wall-to-wall carpet fixture." A carpet could at best be called a fixture only in the legal sense, and, as we have seen, the record does not compel us to reach that conclusion of fact.

Affirmed.

Cobb, J., not participating.