490

James H. HARRELL and Zella Harrell *v.*
INTERNATIONAL PAPER CO., A New York
Corporation

91-88                                    808 S.W.2d 779

Supreme Court of Arkansas
Opinion delivered May 20, 1991

*Robert E. Irwin,* for appellants.

*Mitchell, Williams, Selig & Tucker,* by: *Sherry P. Bartley,* for appellee.

STEELE HAYS, Justice. This dispute arises from the sale of 2.26 acres containing a railroad spur purchased in 1985 by James and Zella Harrell from the International Paper Company (IP). In 1989 the Harrells sued IP for negligently permitting the removal of the spur by Union Pacific Railroad, successor to Missouri Pacific Railroad. IP's motion for summary judgment was granted and the Harrells have appealed. Finding no issue of material fact

or error of law, we affirm.

On November 5, 1985, pursuant to an offer and acceptance agreement executed on October 23, 1985, IP conveyed the 2.26 acres, known as the "Russellville Woodyard Site," to the Harrells by special warranty deed. The habendum clause recited "with all appurtenances thereunto belonging." Located on the site was some 500 feet of railroad spur which was connected to the main line of Missouri Pacific (now operated by Union Pacific) by trackage known as the "switch," no part of which was on the Harrell property.

On May 30, 1990, IP filed a motion for summary judgment supported by numerous exhibits and affidavits asserting the following: In 1974 Missouri Pacific entered into a "side track" agreement with IP granting IP permission to be served by the switch pursuant to an "Industrial Track Agreement" dated August 2, 1962, between Missouri Pacific and a previous owner of the woodyard site, George Cline. Under the terms of the agreements no rights could be transferred without the consent of the railroad. In May of 1987 Union Pacific wrote to IP asking that the side track agreement be cancelled and IP notified Union Pacific that it had no objection to the cancellation. The motion further asserted that Union Pacific had removed only its own equipment, the switch, from its own right-of-way and that nothing had been removed from the Harrell property. The deposition of James Harrell, also an exhibit to the motion, confirmed these assertions.

No response was filed to IP's motion for summary judgment and on July 27, 1990, the trial court granted the motion. The Harrells moved to vacate, contending that under Ark. R. Civ. P. 56 they were entitled to a hearing. IP's response pointed out that Rule 56 does not mandate a hearing and that Rule 12(i) and 78(c) of the civil rules provide that if a party opposes a motion "under this or any other rule" he shall respond within ten days, and unless a hearing is requested or ordered by the court, a hearing is deemed to be waived. The Harrells then filed an amended motion to vacate. Both motions were denied and the Harrells have appealed, contending that summary judgment should not have been granted because questions of fact arose by reason of the conveyance of "all appurtenances thereunto belonging."

Arkansas R. Civ. P. 56(c) provides that when a motion for

summary judgment is made and supported by affidavits, pleadings, admissions and the like, an adverse party may not rest upon the allegations of the pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. When a litigant is so confronted and does not respond, the rule states clearly that "summary judgment, if appropriate, shall be entered against him."

■ Here, the underlying factual element of the complaint was that IP had authorized Union Pacific to remove the railroad spur from the Harrells' property. IP's motion, with supporting documentation, including the deposition of James Harrell, declared to the contrary that IP had not authorized the removal of any part of the Harrells' property and that, in fact, nothing had been removed from that property. Confronted with that challenge to their version of facts material to the case, it was incumbent on the appellants to show what fact issues remained. *Pruitt* v. *Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985); *Hughes Western World, Inc.* v. *Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W.2d 826 (1980); *Cummings* v. *Beardsley*, 271 Ark. 596, 609 S.W.2d 66 (1980).

■■ Nor can we agree with appellants' argument that the phrase "with all appurtenances thereunto belonging" dictates a different result in this case. As appellees correctly point out, an appurtenance is "a thing belonging to another thing as principal, and which passes as incident to the principal thing." *Alwes* v. *Richheimer*, 185 Ark. 535, 47 S.W.2d 1084 (1932). The switch removed by Union Pacific was situated entirely on its own right-of-way and belonged to Union Pacific. We find nothing in the pertinent agreements from which to conclude that IP had any interest in the switch susceptible of being conveyed to the Harrells as an appurtenance to the property sold by IP. *See* 25 Am. Jur. 2d *Easements and Licenses* § 15 (1966); 77 Am. Jur. 2d *Vendor and Purchaser* § 87 (1975).

We find no error by the trial court and, accordingly, the order of summary judgment is affirmed.