## DAVIS *v.* JONES.

### Opinion delivered October 14, 1899.

FRAUDULENT CONVEYANCE—WHAT IS NOT.—A deed absolute on its face, though intended to secure a pre-existing debt, will not be deemed a fraud upon creditors if the value of the property was less than the debt secured, and the deed was made in that form at the request of the grantee. (Page 123.)

Appeal from Boone Circuit Court in Chancery.

BRICE B. HUDGINS, Judge.

*Blevins, Lyons & Swarts,* and *W. F. Pace,* for appellants.

The plaintiffs, by the levy of attachment, sale of property, confirmation and deed, place themselves in a position to attack the deed from Stannard to Murray. Bump, Fr. Con. 511; Beach, Eq. 875. As to general grounds of equitable relief against fraudulent conveyances, see: 11 Ark. 411; 22 Ark. 184; Bump, Fr. Con. 76-78; 31 Mo. App. 62; 31 Ark. 666. The conveyance was in reality a secret trust, reserving an interest to the grantors, and hence is fraudulent. Bump, Fr. Con. § 41; Wait, Fr. Con. § 272; 43 Mo. App. 515; 13 Mo. App. 515; 132 Mo. 413; 3 N. H. 424; 4 N. H. 178; 45 Pa. St. 449; 28 Mo. 177; 31 Mo. 448; 87 Mo. 189.

*G. J. Crump,* for appellees.

A debtor, even in failing circumstances, may, by a *bona fide* deed, prefer one creditor to the rest. 22 Ark. 184. Fraud will never be presumed. 9 Ark. 485. The evidence fails to sustain appellant's allegations of fraud.

RIDDICK, J. This was an action to declare fraudulent and void, and to set aside, a conveyance of a town lot made by one of the members of the firm of M. H. Jones & Co.

The firm, being indebted to the Exchange Bank of Springfield, Mo., in the sum of over five thousand dollars, to secure

said debt, mortgaged its stock of goods to the bank, and one member of the firm also conveyed the bank the lot in the town of Harrison, Ark., which is involved in this suit. On the hearing of the case, the chancellor found that the conveyance of the lot was made for the purpose of securing the debt due the bank, and that it was free from fraud, either actual or constructive.

We have carefully examined the evidence, and believe that the evidence supports the finding of the court. We are fully satisfied that the conveyance was given to secure the debt of the bank, and not as an absolute sale. While the fact that the conveyance of the lot, although intended as a security, was in form an absolute deed of conveyance is a circumstance tending more or less to show fraud, still it was not conclusive, and was subject to explanation. The evidence tends to show that the whole of the property conveyed did not equal in value the debt due the bank, and that, after selling all of said property and applying the proceeds on the debt, the firm is still owing the bank a balance on its debt. The evidence also shows, as we think, that the conveyance of the lot was made in that form at the request and for the convenience of the bank, and that the lender neither concealed, nor intended to conceal or cover up, his property to hinder or delay his creditors.

On the whole case, we think the finding and judgment of the court was correct, and it is therefore affirmed.