### HOLLENBERG MUSIC COMPANY *v.* BANKSTON.

Opinion delivered March 17, 1913.

SALE OF CHATTELS—CONDITIONAL SALE—RESERVATION OF TITLE—NEW TERMS.—When a vendor sold a chattel, reserving title in himself until the price was paid, and the purchaser was in default, and the parties made arrangements for different terms of payment from those of the original contract, the vendor will not be held to have waived the reservation of title, if the arrangement was only to extend the time for payment of the original debt, and not in satisfaction or cancellation of it.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; reversed.

#### STATEMENT BY THE COURT.

The appellant brought suit in replevin before a justice of the peace for a piano, sold by it to the appellee, and a judgment was rendered in its favor, in the alternative for $123.20, with interest and cost, or the return of the piano. The cause was appealed to the circuit court, where there was a directed verdict for the appellee, and the appellant has appealed from the judgment rendered in that cause. There is no serious controversy about the facts, and they appear to be as follows: Appellant sold the piano on the 6th of April, 1906, for the sum of $325, of which $25 was paid in cash and the balance was to be

paid in monthly payments of $10 each; the last payment being due on October 6, 1908, and the title was reserved in the appellant until all of the payments had been made. Appellee made a number of payments, but was largely in default at the time the last one had matured when appellant agreed that appellee might make payments of $4 per month from July 15, 1909, until the following December, when some definite, final arrangement with regard to the balance, which would then be due, should be made. It appears that appellee made these $4 payments, but did not arrange for the payment of the balance in the December following, and after waiting upon appellee for some time, the following correspondence was had:

"Little Rock, Ark., March 17, 1910.
Mrs. Mildred Bankston,
        1200 West Twenty-third Street, City.
Dear Madam—On June 9, 1909, you agreed with our Mr. Hollenberg to pay $4 per month from July 15, 1909, until December, and at that time make satisfactory arrangements for the balance of your account. On looking up the account we find that you paid this $4 per month and in January you paid $8, but there has been no further payment since that time, nor any arrangements made for the account. We would like for you to call at once and settle the same.
W.B.P.-M.R.                Yours very truly,
                        Hollenberg Music Company,
                            W. B. Parsons, Treasurer."
and the following reply was written:

"March 21, 1910—I arranged with your Mr. Hollenberg for $4 per month till December, 1909. I did not say just what I would do after that. I did not know what I could do. I have made the $4 payment right along till this month, when I did not have the money. I knew it had run over as well as you did, and will come with a

payment at earliest possible moment.  So please don't annoy me when I am doing all I can.

Yours very respectfully,<br>
Mrs. Mildred Bankston,<br>
I. B. Bankston."

On June 9, 1909, appellant wrote appellee to have the piano insured.  This was done, the insurance being taken out in the name of appellee.  Appellee made no payment later than April 8, 1910, on which day they paid $8, but after the institution of the suit, a tender of $8 more was made which was declined.

It is contended by appellee that, under the facts stated, the original debt had been cancelled by the making of a new contract and that as the original debt was cancelled when the' new one was made, without any reservation of title to secure this new debt, that the reservation of title was thereby waived.  Appellee's contention is that there was never but one contract; that it was evidenced by the original bill of sale which reserved the title, and which was never surrendered or altered, but that a mere indulgence was given appellee in the matter of payments.

*Rose, Hemingway, Cantrell & Loughborough* and *C. P. Harnwell,* for appellant.

There was no abrogation of the original contract merely by agreeing to an extension of time, and appellant did not thereby lose title to the piano.  74 Atl. 362; 6 Cranch. 253; 117 N. C. 47; 95 Minn. 4; 163 Mass. 28; 17 Mass. 606; 49 Super. 42; 30 N. Y. 164; 57 N. Y. 506; 21 N. Y. 399; 185 Fed. 179; Cent. Dig., "Sales" §§ 1411-1417; Dec. Dig. § 477; 131 Mich. 633; So. Ia. 422; 136 Mass. 340; 118 U. S. 663; 63 Me. 529; 5 Wash. 276; 122 Ia. 280; 53 Cal. 597; 92 Cal. 527; 16 Am. & Eng. Ann. Cases 216.  See also 28 Ark. 193; 45 Ark. 313; 46 Ark. 163; *Id.* 552.

*W. T. Tucker,* for appellee.

In case of a conditional sale of personal property, when the debt falls due and is not paid the vendor may

treat the contract as at an end and reclaim the property, or he may affirm the sale and seek payment in cash or by notes or other property. And after the debt falls due the making of another contract without then reserving the title, waives the condition and makes the sale absolute. 97 Ark. 432; 60 Ark. 133; 67 Ark. 206; 78 Ark. 569; 78 Ark. 501; 35 Cyc. 675; 82 Va. 614; 42 N. W. 875; 50 Ark. 300.

SMITH, J., (after stating the facts). When a debt, secured by a reservation of title, matures, the vendor has the right to retake the property and thus cancel the debt, or he may bring his action to recover the debt, and thus affirm the sale and waive the reservation of title; and as a general rule, the choice of inconsistent remedies abandons and debars the pursuit of any except the one chosen. *Dudley E. Jones* v. *Daniel,* 67 Ark. 208. But this choice of remedies is to be exercised in the event only that the vendor decides to take some affirmative action. He is not required to act simply because the debt has matured. Nor can his right to accept partial payments, or to give an extension of time for payments, be questioned by the vendee so long as there is no cancellation of the original debt or waiver of the reservation of title securing it. The vendor can not take inconsistent positions and he can not treat the title as being in another and yet reserved by him, nor can he say the title still rests in him, if by any arrangement he cancels the debt thus secured, but the vendor does retain the title so long as the purchase money remains unpaid, and the reservation is not in some manner waived, and the mere indulgence of extension of time for payment is not inconsistent with the continued reservation of title. *Thornton* v. *Findley,* 97 Ark. 436; *National Cash Register Co.* v. *Riley,* 74 Atl. 362. And these cases are authority for the statement that the taking of a new note and the arrangement for different terms of payment from those of the original contract will not waive the reservation, if such last note was given only to extend the time for the

payment of the original debt and not in satisfaction and cancellation of it.

The judgment of the circuit court is therefore reversed and this cause remanded for further proceedings not inconsistent with this opinion.