GORDON HOLLOW BLAST GRATE COMPANY *v.* ZEARING, RECEIVER.

Opinion delivered October 22, 1917.

1. VENDOR AND PURCHASER—RESERVATION OF TITLE—SALE BY RECEIVER —RIGHTS OF VENDOR.—A vendor of personal property, who reserves title in himself until payment of the purchase money, waives any right to follow and reclaim the property by bringing a separate suit for the price and recovering a judgment thereon.

2. VENDOR AND PURCHASER—RESERVATION OF TITLE—WAIVER.—An election to recover the purchase price by a vendor is a waiver of its reservation of title.

3. VENDOR AND PURCHASER—LIEN FOR UNPAID PURCHASE PRICE.—No lien is created by statute in favor of a vendor of personal property for the unpaid purchase money; it is too late for a vendor to obtain a lien by seizure after the property of an insolvent corporation has passed into the hands of a receiver.

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott*, Chancellor; affirmed.

*J. M. McClintock* and *Manning & Emerson*, for appellant.

1. The court erred in disallowing the notes as a preferred claim. The legal title was retained to the property in the contract and there was no waiver by presenting the claim to the receiver for allowance. 107 Ark. 337; 74 Atl. 362; 116 Ark. 246; 185 Fed. 179; 163 *Id.* 943;

221 *Id.* 128; 12 How. 225; 50 Pac. 941; 91 N. E. 154; 103 N. W. 710; 23 S. E. 90; 142 N. W. 652; 79 Pac. 564; 35 S. W. 396.

2. Appellant had a lien on the proceeds of the sale of the machinery in the hands of the receiver. The filing of the notes with the receiver was no waiver of the lien. See cases *supra.*

*C. B. & Cooper Thweatt,* for appellee.

1. Having elected to claim the debt, there was a waiver of the reservation of title. The filing of the claim with the receiver and getting same allowed is a clear election to claim the debt and waiver of the reservation of title. 67 Ark. 206; 78 *Id.* 573; 100 *Id.* 407.

2. Appellant had no vendor's lien. 88 Ark. 105; 45 *Id.* 136; 52 *Id.* 450; 43 *Id.* 464. Certainly none after the property was sold. 64 Ark. 135. By filing its claim appellant elected to look to the assets of the company generally. It is bound by its election. 91 Ark. 319; 107 *Id.* 337; 67 *Id.* 208. See also 52 Ark. 166; 48 *Id.* 160.

HUMPHREYS, J. Appellant, in the year 1907, sold the Stoneman-Zearing Lumber Company a trimmer and edger for $656.25, and retained the title in said machinery "until the purchase price, including all paper that may be given to apply on same, has been fully paid in cash." Not having paid the purchase price, the Stoneman-Zearing Lumber Company delivered to appellant, in evidence thereof, two notes, one being due November 10, and the other November 20, 1909. On January 7, 1910, the Stoneman-Zearing Lumber Company was placed in the hands of a receiver by order of the Prairie Chancery Court. Appellant filed the notes with the receiver for allowance, which were allowed by the receiver and also allowed by the court on November 17, 1910. The machinery in question was sold by the receiver under an order of the court in settlement of the general claims of the company. After the court had allowed appellant's claim and the machinery had been sold, appellant appeared in court and filed the original contract with a petition in

which they asked that their claim be made a preferred claim. The court disallowed the claim as a preferred claim but allowed it as a general claim. From this order, an appeal has been prosecuted to this court.

(1-2) The contention of appellant is that it did not waive its right to follow the property by presenting its claim to the receiver and court for allowance. This court has held that a vendor of personal property, who reserved title in himself until payment of the purchase money, waives any right to follow and reclaim the property by bringing a separate suit for the price and recovering a judgment thereon. An election to recover the purchase price by a vendor is a waiver of its reservation of title. *Cox* v. *Harris,* 64 Ark. 213; *Davis* v. *Jones,* 67 Ark. 122; *Neal* v. *Cone,* 76 Ark. 273; *Hendrickson Lumber Co.* v. *Pretorious,* 82 Ark. 347; *Nashville Lbr. Co.* v. *Robinson,* 91 Ark. 319; *Hollenberg Music Co.* v. *Bankston,* 107 Ark. 337.

In *Hendrickson Lumber Co.* v. *Pretorious, supra,* a vendor, who had reserved title in himself until the purchase money was paid, was permitted to intervene and claim the property after it had passed into the hands of a receiver. In that case, the vendor had not obtained an allowance or judgment on his claim before intervening.

(3) It is insisted, however, that appellant should have a lien for the purchase money on the proceeds of the sale of machinery in the hands of the receiver. It is well settled that our statute does not create a lien in favor of a vendor of personal property for the unpaid purchase money; and that it is too late for a vendor to obtain a lien by seizure after the property of an insolvent corporation has passed into the hands of a receiver. *Halpern* v. *Clarendon Hardwood Lumber Co.,* 64 Ark. 132.

The decree is affirmed.