CATLIN *v.* C. E. ROSENBAUM MACHINERY COMPANY.

Opinion delivered December 23, 1929.

*Jonas F. Dyson,* for appellants.

*Chas. A. Walls,* for appellee.

MEHAFFY, J. The appellee began this action in the Woodruff Circuit Court for the recovery of certain machinery described in the complaint, alleging that it was the owner, and that the defendants were in possession and unlawfully detained the same. Appellee had delivered the machinery to the purchaser under a conditional sales contract, and the notes given for the purchase money provided that the property should remain the property of the C. E. Rosenbaum Machinery Company. In other words, the seller retained title to the property; it was a conditional sale.

The appellants answered, denying that appellee was the owner and entitled to possession of the property; admitted that N. E. Catlin had possession, but denied that he was unlawfully detaining same. They also denied that appellee had been damaged, and denied that appellee had the notes mentioned in plaintiff's complaint. Appellants alleged that N. E. Catlin was the owner, and that plaintiff's cause of action was barred by the statute of limitations. The only evidence introduced was the following agreed statement of facts:

"It is agreed by and between Chas. A. Walls, attorney for plaintiff, and Jonas F. Dyson, attorney for defendant N. E. Catlin, that on the first day of March, 1920, plaintiff sold and delivered to defendant W. P. Dawson one 80 H. P. Muncie oil engine, No. 7 CNA-081, with standard fixtures, for the sum and consideration of $6,134, $2,000 of which was in cash paid, and the balance divided into notes, the first for $2,067, due on or before the first day of January, 1921, and the second for the sum of $2,067, due on or before the first day of January,

1922, each bearing interest from date until paid at the rate of 8 per cent. per annum, and specifically retaining title to the property sold until paid for in full; the original notes being attached to this agreement as exhibits A and B, respectively, and made a part hereof. That said engine is a stationary one, and was, immediately after delivery, as aforesaid, firmly affixed and attached to the earth on the north side of the northeast quarter of section 28, in township 5 north, range 1 west, Southern District of Woodruff County, Arkansas, by being firmly placed and bolted to a concrete foundation larger than the base of said engine in length and width, and extending about five feet in the earth, and connected to the pump on said location by means of belts and pulleys, and connected with several oil tanks on said land by iron tubes and pipes, and was so connected that it became a part of the rice well pumping plant on said land, and was housed in a building containing the entire pumping plant. Said engine is now the only engine on said land, or that has been on said land since it was erected thereon. That the tax records of Woodruff County, Arkansas, do not show said engine assessed in any year that it has been thereon located, as personalty, but the said northeast quarter of section 28, with said engine and entire pumping plant, is assessed as realty. That the plaintiff's agent superintended the erection and placing, as aforesaid, of said engine, and at all times thereafter knew of its being so placed on said land. That said notes, or any evidence of same, were never recorded or filed for record by either clerk or recorder of Woodruff County, Arkansas, in either county site of said county. That said engine is now in the same bed or foundation in which it was placed as aforementioned, and has never been moved therefrom since it was placed there in the early part of 1920.

"It is admitted that the last credits paid on said notes were $1,000 on note No. 1, March 5, 1925, and $500 on note No. 2, on March 12, 1926.

"That, some time shortly prior to the 22d day of May, 1923, the agent of the American Investment Company, of Oklahoma City, Oklahoma, a loan company, upon the written application of the said W. P. Dawson for a loan of $6,000 on said land and premises, made an inspection of said land and premises for the purpose of making said loan, and at the time of making said inspection said engine was located on said premises in the condition and affixed to the soil as aforementioned. Neither he nor the company was at that time, or any time thereafter, informed or notified of the existence of such notes, or that any part of the purchase price of said engine was then unpaid, or that this plaintiff claimed any interest or title to said engine. That said land was represented to the said American Investment Company as being a rice farm, and was not used for any other purpose, and would have been valueless as such but for the engine to pull said pump.ᐟ

"That, by reason of the value being placed upon said land equipped with said pumping plant, which included said engine, said loan was made by the said American Investment Company and said land and premises taken as security therefor; and on the 22d day of May, 1923, the said W. P. Dawson and Armenta Dawson, his wife, executed their mortgage thereon to the said American Investment Company, securing note for said sum of $6,000, which said mortgage is now in the files of chancery suit No. 1277, in the office of the chancery clerk within and for the Southern District of Woodruff County, Arkansas, and was recorded on the 18th day of June, 1923, in mortgage record No. 12, at page 120, Woodruff County, Arkansas.

"That the American Investment Company, for a valuable consideration. assigned said mortgage and note secured thereby to R. H. Shumway. on the 2d day of July, 1923, which assignment was recorded on the 31st day of December, 1923, in mortgage record No. 12, at page 172,

in the office of the recorder of deeds within and for the Southern District of Woodruff County, Arkansas, at Cotton Plant.

"That on the first day of February, 1927, said mortgage and note secured thereby were assigned by the executor of R. H. Shumway to N. E. Catlin, which assignment is now a part of the pleadings and proof in the files of chancery court suit No. 1277, in the office of the chancery clerk of the Southern District of Woodruff County, Arkansas, which was a suit by N. E. Catlin against W. P. Dawson and wife, to foreclose said mortgage, of date of May 22, 1923.

"That default was made by the said W. P. Dawson in the payment of said note and interest coupons, and a legal foreclosure was had on mortgage, and sale under the decree in the Southern District of Woodruff County, Arkansas; and the sale thereof was made by N. N. Cain, commissioner in said decree, on the 10th day of March, 1928, and said N. E. Catlin, being the highest bidder at said sale, purchased said land for the sum of $5,000, which sale was properly confirmed by the chancery court on the 21st day of May, 1928, and deed ordered and made, and is now of record in deed record book No. 19, at page 28, in the office of the recorder of deeds within and for the Southern District of Woodruff County, Arkansas.

"That at said sale the said N. N. Cain announced that, by the request of Chas. A. Walls, attorney for plaintiff in this action, C. E. Rosenbaum Machinery Company claimed title to said engine herein sued for. Said announcement was made before any bid was made on said land and premises."

The case was submitted to the court on the pleadings and the agreed statement of facts and the notes as copied in the complaint, and the court found in favor of appellee, and gave judgment accordingly against the

appellants, and this appeal is prosecuted to reverse said judgment.

The only question for our consideration is whether the property involved was attached to the freehold in such a manner as to deprive the seller of the right to retake the property. After the property was purchased, and while it was on the land belonging to the purchaser, he executed a mortgage, and there was a foreclosure and sale of the mortgaged property, the machinery being on the land at the time. It is the contention of the appellant that it was a fixture, and, since appellant had no notice that the seller had retained title, that the purchaser at the foreclosure sale is an innocent purchaser, and that the cause should be reversed for that reason. It is true that the purchaser had no notice of the conditional sales contract or that the seller of the property retained title.

It is conceded by appellants that, before the law of innocent purchase can be applied in a case of this kind, the chattel must take on the nature and character of a fixture. Appellants rely on the case of *Continental Gin Co.* v. *Clement,* 176 Ark. 864, 4 S. W. (2d) 901. In that case the appellant had sold certain machinery, and had retained title as in this case. The purchaser in that case, after putting the property in place, and while it was not actually attached to the gin stands, placed it directly over them and it was held in position by joists resting on the floor and nailed and screwed to the building housing the gin. It could be removed without physical damage to the gin stands and without material damage to the building. In that case the chief thing relied on was that of innocent purchaser. There was no dispute in that case, and none in this, that, as between the original vendor and vendee, the property remained a chattel, but we said in that case, quoting from *Salmon* v. *Boyer,* 139 Ark. 236, 213 S. W. 383: "This instruction excludes the idea that it was the duty of appellant, in order to bring himself within the doctrine of innocent purchaser, to make inquiry concerning the ownership of fixtures of this character, and,

even though substantially fastened into the soil.   *   *   *
In the instant case appellee does not seem to have made
inquiry of any one.   It is a matter of common knowledge
that property of the character of that involved in this
suit is purchased in this country on time, and that con-
tracts for this kind of property are constantly made
wherein the title is retained until paid for.''

The same is true in this case.   While the appellants
were not notified, this court has repeatedly held that it is
their duty to make inquiry.   The evidence in this case
does not show that they made inquiry of anyone.   Doubt-
less the original purchaser would have told them, if in-
quiry had been made, but it would have been an easy
matter for the appellants or the original mortgagee to
have inquired, not only of the mortgagor, but of the per-
son from whom the property was purchased.   This he
did not do. In another case relied on by appellants, the
case of *Salmon* v. *Boyer,* 139 Ark. 236, 213 S. W. 383, the
court also held that it was the duty of appellant, in or-
der to bring himself within the doctrine of innocent pur-
chaser, to make inquiry concerning the ownership of fix-
tures of that character, even though substantially fas-
tened into the soil.   The court in the above case laid
down certain tests, among which it mentioned the inten-
tion of the parties, and stated that the tendency of the
times is to attach the most importance to the test of in-
tention.   In the instant case of course there can be no
question about the intention.

In another case referred to the court held, with refer-
ence to certain personal property, that the attachment
would not operate to make a fixture of stoves, if such was
not the intention of the parties. *Anderson* v. *Southern
Realty Co.,* 176 Ark. 752, 4 S. W. (2d) 27.   See also *Choate*
v. *Kimball,* 56 Ark. 55, 19 S. W. 108.

It would serve no useful purpose to review the
authorities further on this question.   The rule with ref-
erence to innocent purchaser, where there is a condi-
tional sale of the property, the vendor retaining title, is

that the mortgagee, or person who acquires the property from the original purchaser, is bound to make inquiry with reference to the property. This is especially true where it is known that property is of such a character as is universally sold on time, the vendor retaining title.

In another case relied on by appellant the court said: "According to the testimony of Suckle, no reservation of the ceiling fans was made by Stone when he made the sale of the hotel property. According to the undisputed evidence the fans were necessary and adapted to the use of the property for hotel purposes. Hence it was a question for the jury whether or not the ceiling fans were so attached to the electric wiring of the house as to become a part of it and pass with a deed to the realty, and we do not think the court erred in giving these instructions." *Stone* v. *Suckle,* 145 Ark. 387, 224 S. W. 735.

The finding of the circuit judge in this case is the same as the finding of a jury. It was tried before the judge sitting as a jury.

Judgment of the circuit court is affirmed.