BEENE MOTOR COMPANY *v.* DISON.

Opinion delivered February 3, 1930.

*Silas W. Rogers*, for appellant.
*Joiner & Stevens*, for appellee.

McHANEY, J. Appellant brought this action to recover the balance due, $116, on a promissory note in the sum of $286 dated September 11, 1926, and due ninety days thereafter with interest at 8 per cent. on which a payment had been made on the due date of $170, said note having been executed and delivered by appellees to appellant under the following conditions: On September 11, 1926, appellee, Dison, purchased from appellant a truck for the total sum of $572, none of which was paid in cash, but a note representing one-half the purchase price, dated the same date and due December 11 thereafter at 8 per cent. was executed by appellee, Dison, with appellee Shepherd, as surety. On the same date appellee Dison and appellant entered into a conditional sales agreement for the purchase of said truck which recited that "The buyer has this day paid to the seller two hundred and eighty-six ($286) dollars, and the buyer agrees to pay the seller, or order, two hundred and eighty-six

($286) dollars, one at $286 due December 11, 1926, balance payable in 5 monthly installments of forty-eight ($48) dollars each, and one monthly installment of forty-six ($46) dollars each, which installments shall become due on the 11th day of each month, and shall bear interest, etc.'' The sales agreement further provided: ''Title to the car * * * shall not pass by delivery to the buyer, but shall remain vested in and be the property of the seller or assigns until the purchase price has been fully paid.'' On December 11, 1926, appellees paid $170 on the note in controversy, but prior and subsequent thereto said Dison had paid on the conditional sales agreement $193. He failed to pay the balance due on the note in controversy, and defaulted in payment of the installments due under his contract. After being in default for some time, appellant repossessed the truck under the terms of said conditional sales agreement, and brought this action for the balance due on the note due December 11, 1926, in the sum of $116 as aforesaid, with interest. Appellees admitted the execution of said note, but defended on the grounds, 1st, that said note had been paid, and 2nd, if not paid, that appellant had elected to repossess said truck under its title retaining contract, which released them from all further liability on the note. The case was tried to a jury, which resulted in a verdict and judgment for appellees.

We find it necessary to discuss only one defense offered by appellees, and that is, that the repossession of the car by appellant before the full purchase price had been paid released the appellees from further liability on said note. We think the appellees were entitled to an instructed verdict in their favor on this account. The note for $286, as also the installment payments due under the contract, represented a part of the purchase price of said truck, for which title was retained until paid. By the express provisions of the contract, the buyer, Dison, agreed to pay the seller, appellant, one note of $286, due December 11, 1926, and the balance in five equal monthly

installments of $48 each, and one installment of $46, which installments became due, the 1st on October 11, 1926, and one on the 11th of each and every month thereafter, until paid, and since title was retained for the full amount of the purchase price, when appellant retook possession of the car, it elected to take the property to which title had been retained, and thereby cancel the indebtedness. It had only one of two remedies; either it could have treated the sale as canceled and repossessed the property, as it did, or treat the sale as absolute, and sue for the purchase price. We held in *Loden* v. *Paris Auto Co.*, 174 Ark. 720, 296 S. W. 78, that "where a vendor of chattels has reserved the title until the purchase price has been paid, on breach of condition, he has two remedies; one is to retake the chattel and thereby cancel the debt, and the other is to sue for the debt, and thereby waive his title to the property. So, in such a case, the vendor has the right to elect which remedy he will pursue, and, having elected to pursue the one, he is precluded from pursuing the other." In that case we cited one of the leading cases on the subject in this court, *Nashville Lumber Co.* v. *Robinson*, 91 Ark. 119, 121 S. W. 350, and quoted therefrom the following: "For, if the appellant elected to retake the property, and thus in effect to cancel the debt before this suit was brought, then it could not thereafter sue to recover the purchase money also. When this debt became due, and was unpaid, the vendor, having reserved the title until the purchase price was paid, had its election to take either of two courses. It could elect to retake the property, and thus in effect cancel the debt, or it could bring its action to recover the debt, and thus affirm the sale and waive reservation to title." (Citing cases). And see also cases cited in *Logan* v. *Paris Auto Co.*, *supra*. From one of the cases there cited, *Olsen* v. *Moody, Knight & Lewis, Inc.*, 156 Ark. 319, 246 S. W. 3, we quoted with approval as follows: "This court is committed to the doctrine that a vendor who has retained title in personal property until the payment of the purchase money has only two

remedies for the breach of contract. He may either treat the sale as canceled, and bring suit in replevin for the property, or may treat the sale as absolute, and sue for the unpaid purchase money, and, in aid thereof, attach the property, under §§ 8729 and 8730, C. & M. Digest. (Citing cases). There is no suggestion in any of the Arkansas cases that a third remedy is open to a vendor who has conditionally sold personal property.''

Since the $286 note, as we have already seen, was included in the conditional sales agreement for the sale of the truck, was a part of the purchase price recited therein, and title to the property was retained until the whole purchase price was paid, it necessarily follows, from the authorities heretofore cited, that when appellant elected to retake the truck, it also elected to cancel the balance of the indebtedness due against the car, which had the effect of relieving the appellee Shepherd either as surety or joint maker on the note.

Appellant also complains of certain leading questions asked by counsel for appellee. We have examined these questions and do not find them to be leading. Complaint is also made of certain instructions, but since appellees were entitled to an instructed verdict in their favor, as we have already seen, it is in no position to complain about instructions submitting the matter to a jury. Judgment affirmed.