## MAGNOLIA PETROLEUM CO. v. SUITS et al.

### No. 345

Circuit Court of Appeals, Tenth Circuit.

Sept. 18, 1930.

Wilbur J. Holleman, of Oklahoma City, Okl., for applicants.

B. B. Blakeney, of Oklahoma City, Okl., opposed.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

In our opinion reported in 40 F.(2d) 161, we considered and passed on the merits of the controversy involved in the suit brought by Magnolia Petroleum Company v. Suits et al., and we ordered that the decree below dismissing appellant's bill in that case be reversed, and directed the District Court to enter a decree granting the relief prayed, and that damages in favor of plaintiff below for the oil and gas taken by defendants Suits and Holleman be assessed against them and the trustees of the church. The Magnolia Company held an oil lease executed to it in June, 1922, on lands in Pottawatomie county, Oklahoma, which it was developing for its oil deposits in 1928. The lease had been of record since March, 1923. It included a certain 40 acres, in one corner of which the church had acquired 1¼ acres in 1912 as a church house site. The lease to Magnolia Company covered the entire 40 acres but on July 2, 1928, the trustees of the church granted to Suits et al. an oil lease on the 1¼ acres, and the controversy in the case was whether Suits et al. had a right as lessees to take the oil from under said 1¼ acres. The complaint in that case alleged:

"That the respondents, Fred E. Suits and Wilbur J. Holleman, are at this time moving material upon the said property for the purpose of drilling the same and are thereby making preparation to commence said drilling operations; that the said respondents threaten that they will complete the drilling of said property and take the oil and gas therefrom; that said respondents are insolvent to the extent that they could not respond to any adequate damages for oil and gas taken from or wasted on said premises, and could not respond to the damage that would be necessitated by the drilling of the additional offset well which would be required, and that the said respondents ought to be enjoined and restrained from entering upon said premises and drilling the same. * * * said Suits and Holleman have entered upon said premises and are building a derrick and rig thereon and making contracts for the drilling of a well upon said premises and for taking the oil and gas from said premises. * * * that a well upon said premises would drain a large amount of oil from the lands leased to complainant and said unlawful and unauthorized use would cause serious and irreparable damage and injury to complainant, but that the amount could not be ascertained and determined in an action at law, and that respondents or none of them could respond to an adequate judgment in an action at law in said matter."

And it was prayed that it be adjudged that complainant "* * * owns and holds the oil and gas lease rights in and to said acre and a quarter tract above described and all of the premises described in said lease of June 13, 1922; that the respondents and each of them be adjudged to have no right, title, claim or interest in and to said premises or any part thereof; that said oil and gas lease pretended to have been executed on July 2, 1928, be expressly canceled and adjudged invalid and void, and that the holders thereof be required to execute a release of the same; that it have judgment for its damages occasioned by said cloud; that its title be quieted, against the respondents and each of them, and that a temporary restraining order issue restraining the respondents from drilling on said premises or taking any oil or gas therefrom, and that a day be set for the hearing upon the application for a temporary injunction, and upon final hearing that a permanent injunction issue; that it have judgment for its costs and such other relief as the premises justify."

On November 28, 1928, the court below [31 F.(2d) 205] overruled the defendants' motion to dismiss the bill and ordered "that a restraining order issue as prayed for pending the application for temporary injunction." On December 20, 1928, Suits and Holleman filed answer. Among other things they alleged:

"Further answering, these defendants admit that they are moving material upon the said property for the purpose of drilling the same and are making preparations to commence said drilling operations, and admit that they will complete the drilling of said property, but deny that they are insolvent to the extent that they could not respond to any adequate damages for oil and gas taken from or wasted on the premises, and deny that the complainant has any just cause of action for enjoining or restraining these defendants, or either of them, from entering upon said premises and drilling the same.

"These defendants admit that they are building a derrick and rig upon said premises and making contracts for the drilling of a well upon said premises, and affirmatively allege that they are entering upon said premises under said oil and gas lease [from the church trustees] for the purpose of taking the oil and gas thereunder and admit that

they will continue the prosecution of said drilling operations unless prevented by some order or decree of the court."

They denied that they had acquired no right, title or interest in and to the oil and gas under or in any part of said 40 acres, claimed that the church had a right to give them an oil and gas lease on the 1¼ acres, that they had a right to drill thereon and take oil therefrom if found, and asked the court to restrain and enjoin the plaintiff from interfering with their rights as lessees of said church site. The judge who denied the motion to dismiss and ordered that a restraining order issue filed a written opinion in the cause, holding that the church was without right to give the oil and gas lease to appellees. He was not the judge of the District Court in which the cause was pending. Thereafter another judge, who had been assigned to the district, took a contrary view, and on final hearing dismissed the suit on its merits. Then it came here on appeal. Our mandate went down in the terms of our order, that the "district court enter a decree granting the relief prayed in appellant's bill; that damages in favor of plaintiff below for the oil and gas taken by said Fred E. Suits and Wilbur J. Holleman be assessed against them" and the trustees of the church who gave the lease, and that appellant recover its costs. The same judge who heard the case on its merits was presiding when the case came on again for action on our mandate. He ordered that the lease given on the 1¼ acres, and all assignments thereof, be canceled and that the holders execute releases of the same, that the title of the complainant be quieted against respondents and they be restrained from taking any oil or gas under said lease, "and that all oil, gas and other mineral that has been impounded pending this said action, and all oil, and gas and other mineral taken by any of said respondents from the said premises be and hereby is adjudged to be the property of the complainant, and the said respondents and each, all and every person to whom such oil, gas or other mineral may have been run is hereby ordered and directed to turn the same over to the complainant or pay therefor the market value at the posted price thereof; that the costs of said action be taxed to the said respondents * * * that the complainant, the Magnolia Petroleum Company, shall receive and collect for any and all oil or gas run from the said premises all amount due and payable as royalty under its lease, and that it pay to Laura L. Fyke [complainant's lessor] the royalty under its lease, and

so collected under the terms and conditions of its said lease.

"It is further considered and ordered that the respondents deliver possession of said premises upon demand to the complainant herein."

At the time this decree was entered on the mandate defendants' counsel were present and filed written objections on the ground that the court could not, without hearing evidence, determine and adjudge the amount of damages in favor of complainant and that no such action should be taken until after evidence had been adduced, and it offered to adduce evidence on the subject of damages on which to base a decree or judgment therefor, as ordered in our mandate. Those objections appear to have been overruled. The defendants three days later filed a motion to vacate the decree on the mandate on the ground that they had been deprived of a hearing upon the question of damages. They alleged that they acted in good faith in drilling the well and upon the advice of counsel, that it was error to direct that the proceeds of all of the oil should be turned over to plaintiff, that they should have credit for the expense of producing it. They further alleged in their motion that at the time of the filing of pleadings in the case and at the trial thereof no oil or gas had been produced by them and that there was then no issue as to their good faith, that the measure of damages had not been passed on by the appellate court and that question was open for determination by the trial court. They also asked leave to file a supplemental answer and cross-bill to the plaintiff's complaint, in which they again raised the question of the measure of damages, alleged that under their lease from the church they had produced oil of the approximate value of $250,000 and in doing so expended $80,000 in developing the premises and producing the oil, and approximately $15,000 in putting the oil in a marketable state. Plaintiff's counsel objected to the filing of a supplemental answer and cross-bill. From other documents before us it seems that the oil had all been delivered to pipe lines and they had not paid for it. These motions and applications on the part of defendants being all denied, they appealed from the denial of their motions and requests and lodged that appeal here on September 8. We are not now further concerned with that appeal.

On August 29th Suits and Holleman and two other parties who appear to have acquired some interest in the lease given by the

church applied here in the original cause appealed to this court, wherein our mandate had issued, for leave to file amendment to their answer in the District Court or a supplemental pleading. They stated their efforts to obtain that permission in the District Court and their failure. They again alleged that they produced oil of the approximate value of $250,000 and that in doing so they laid out approximately $80,000, and approximately $15,000 in treating the oil, that they acted in good faith and that they had a right to proceed in developing the property and producing oil therefrom. That they were so advised by reputable counsel. Suits and Holleman are practicing attorneys. They seem to think their answer must be amended before they are entitled to adduce evidence and be heard as to the measure of damages that should be applied.

We see no occasion for further pleadings in order to enable the chancellor to properly dispose of the question of damages, the measure thereof, and the reception of evidence from either or both sides for that purpose. The pleadings and our mandate in that cause are amply sufficient for that purpose. That issue is simple in law and fact and an unavoidable part of the original controversy. When a court of equity obtains jurisdiction of a cause it will dispose of the whole controversy and administer full relief, although in some respects it may be purely legal in character. The rule is stated in 5 Encyc. U. S. Sup. Ct. Reports, pp. 823, 824, thus:

"It is a well-established rule that a court of equity, having properly acquired jurisdiction of a cause, for the purpose of affording equitable relief, may retain the same for the purpose of granting full relief, and may proceed to its final and complete decision, so as to avoid a multiplicity of suits and give to the plaintiff a single and complete relief. Partial cognizance of the case having been acquired, a court of equity may proceed to a complete adjudication, and may determine all the issues between the parties both in law and in equity, and may establish legal rights and grant legal remedies otherwise beyond the scope of its authority."

But the defendants below did not stop in their efforts to obtain the relief sought in the respects that have been stated. Suits and Holleman and their two associates who claim an interest in the lease given by the church have come here in an application for leave to file a petition for writ of mandamus. And the trustees of the church have made a like application, each seeking an order from this court directing the court below and the judge thereof to vacate the decree that was entered on our mandate. We are of opinion that decree departed materially from what we directed should be done. We directed that plaintiff's damages be assessed. Instead, the decree on the mandate directed that all oil, gas and other mineral that had been impounded pending this action taken by the defendants under their lease be turned over to the plaintiff below, or that the parties holding said impounded oil and other minerals, if any, pay the plaintiff therefor the market value at the posted price. This is not an ascertainment and assessment of plaintiff's damages. We do not doubt the authority and propriety of an order of the chancellor, after he has assessed the damages in compliance with the mandate, directing that the same be satisfied by payment to the plaintiff of the amount thereof by the parties who took possession of said minerals and have not paid therefor, and for that purpose the defendants may be required to take such action as will aid in the accomplishment of that end. And on the question of damages defendants, as well as plaintiff, were entitled to adduce evidence and be heard, as they requested. We are further of opinion that the court erred in ordering respondents to deliver possession of the premises leased to them to the plaintiff below. There is no such direction in the mandate nor any suggestion in the opinion to that effect. It appeared from the evidence, and is noted in our opinion, that the plaintiff had a well 330 feet from the church tract and that it would drain an area around it of approximately 10 acres. The trustees of the church objected to the decree. There is no evidence that they have ever consented to the presence of the plaintiff on the church site for the purpose of operating the well put down by the defendants. We are not advised that plaintiff has such right.

Of course, we do not now pass upon the claim of defendant lessees that they acted in good faith in putting down the well on the church property and taking the oil that the Magnolia Company was entitled to extract and could extract therefrom through its well. It is apparent from what has been said that the lessees of the church tract acted, almost from the very beginning, with full knowledge of the Magnolia Company's claim. It brought its suit before the well was started, and at the very first hearing thereafter the court found that they had no right to an oil lease on the church tract and ordered that they be restrained from proceeding. It is

admitted that they paid no attention to that order but continued with their operations, and their well became a producing well several months thereafter, which was about the time the bill on final hearing was dismissed, from which the plaintiff appealed to this court. But obviously, a court cannot apply the rules that guide us in measuring damages without relevant facts, and cannot lawfully do so until interested parties have had full opportunity to present them and be heard. The pleadings may bind them as to some of the facts, others may lie wholly in parol; and conduct may give controlling color to mere word of mouth. From what has been said it follows: Both applications for leave to file petitions for the writ of mandamus are granted, and when filed the alternative writ will issue commanding the District Judge to show cause, if any he has, why the decree purporting to have been entered on our mandate on May 23, 1930, should not be vacated, and thereafter steps be taken to enter a proper decree in compliance therewith.