## FRANKLIN SAV. BANK OF FRANKLIN, N. H. v. GAROT.
### No. 9779.

Circuit Court of Appeals, Eighth Circuit.
Feb. 27, 1934.

John L. Ingram and T. J. Moher, both of Stuttgart, Ark., for appellant.

C. W. Gray, of Little Rock, Ark., George E. Pike, of Dewitt, Ark., and J. Merrick Moore, of Little Rock, Ark., for appellee.

Before, GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

## WOODROUGH, Circuit Judge.

In January, 1926, Fairbanks, Morse & Co. sold an eighty-horse power oil engine to one J. F. Girerd of Almyra, Ark., for $5,702 on the customary installment plan, the down payment being $1,450 and $450 allowed for an old engine then in use, the balance of $3,802 evidenced by three notes due December 15, 1926, '27 and '28 respectively. The written contract of sale contained, among many provisions, the following:

"The deferred payments represented by notes shall be secured by first chattel mortgage on machinery herein specified."

"That the title and ownership of the machinery and (or) materials herein specified shall remain in the Company until final payment therefor has been made in full as provided above. * * * Or in the event that any judgment is taken on account of all or any part of the said sums the title to the machinery or the materials shall not pass until such notes so given * * * or such judgment taken, are fully paid in money and satisfied. The company shall have the right to * * * transfer any of said notes, and the title or right of possession in and to said machinery or materials shall pass thereby to the legal holder of such notes."

"The said machinery * * * shall be and remain strictly personal property and retain its character as such, no matter whether on permanent foundation or in what manner affixed or attached to any building or structure, or what may be the consequences of its being disturbed on such foundation, building or structure, or for what purpose the machinery * * * may be used."

The engine was installed upon Mr. Girerd's rice farm in Arkansas county, Ark., to furnish power for operation of the pump necessary to irrigate the rice land. At the time of the installation the farm was, and for several years had been, subject to a real estate mortgage owned by appellant, Franklin Savings Bank of Franklin, N. H. Mr. Girerd died in November, 1926, and at that time the real estate mortgage was unpaid, as well as two installments on the purchase price of the engine. After the death of Mr. Girerd, Fairbanks, Morse & Co. filed its claim with the administrator of the estate, which was allowed and reported by the administrator to the probate court. Afterwards, in February of 1927 Fairbanks, Morse & Co. sold the contract and the installment note due December 15, 1928, to one Mrs. Augusta Garot, and she is now the owner of the same and successor to whatever interest Fairbanks, Morse & Co. had in the engine.

Before the mortgage on the land fell due, the appellant mortgagee commenced this action in the United States District Court of Arkansas, E. D., to enjoin the removal of the engine from the freehold covered by the mortgage, claiming that the same was a fixture appurtenant to the land and subject to the first lien of the mortgage. Thereafter the real estate mortgage became due and was unpaid, and by amendment the case proceeded as a suit to foreclose the mortgage on the land and appurtenances, including the engine. Mrs. Garot was made party defendant, and by answer set up her purchase of the installment note and contract from Fairbanks, Morse & Co., and answered in the alternative that, if the above-mentioned contract of purchase be construed as a conditional sales contract, her title and right in and to the engine should be decreed paramount and superior to the lien of the real estate mortgage, but, if it be construed as an equitable mortgage or chattel mortgage, she should be adjudged to have a first lien to the extent of her note and interest, and she prayed that the engine be sold in foreclosure and payment be made to her from the proceeds and for equitable relief.

The trial court decreed that Mrs. Garot have a first lien on the engine and that it be sold separately from the land to satisfy her first lien, and, if there was any sum remaining thereafter, the surplus be applied upon the claim and mortgage of the savings bank. From this decree the Franklin Savings Bank appeals on the grounds that the trial court erred in decreeing a lien in favor of Mrs. Garot on the engine in controversy—a lien prior to the plaintiff's lien—and that the court erred in entering decree of foreclosure as to said engine.

It is contended for appellant that the Fairbanks, Morse & Co. contract must be classified either as a chattel mortgage or as a conditional sales contract; that it is void against the real estate mortgage as a chattel mortgage because it was not recorded and the

mortgagee is to be regarded as a third party under the laws of Arkansas, against whom an unrecorded chattel mortgage is void; that, if it was a conditional sales contract, any right to pursue and reclaim the engine was lost by the filing and allowance of the claim in the probate court; and that such filing and allowance of claim was equivalent to suing and obtaining personal judgment and constituted an election to treat the conditional sale as an absolute one, and hence a waiver of the retention of title.

█ It will be noted that in the instant case the Fairbanks, Morse & Co. contract contains the express provision that: "In the event that any judgment is taken on account of all or any part of the said sums the title to the machinery shall not pass until such judgment taken is fully paid in money and satisfied."

It is not pointed out that this express agreement between the parties violated any law of Arkansas or that it was contrary to the public policy of the state, or that there is any valid reason why full effect should not be given to it. Apparently it affords complete answer to the contention that the filing of claim with the administrator operated to waive the rights preserved by the contract. 24 Ruling Case Law, 484. But the matter, not having been argued by counsel, is passed.

██ It is clear that the contract contains all the necessary elements of a conditional sales contract, reserving the title to the engine in Fairbanks, Morse & Co. until full payment was made. So considered, there is no question that under the recent decisions of the Supreme Court of Arkansas the contract while in effect and unpaid fully preserved the rights of Fairbanks, Morse & Co. and its successor, Mrs. Garot, against any claim of the owner of the real estate mortgage. In Evans v. Argenta Bldg. & Loan Ass'n, 180 Ark. 654, 22 S.W.(2d) 377; and Catlin v. C. E. Rosenbaum Co., 180 Ark. 739, 22 S.W.(2d) 906, decided by the Supreme Court of Arkansas at the April term, 1930, that court clearly settled that chattels sold on conditional sales contracts, though attached as fixtures to mortgaged real property, may be reclaimed by the conditional vendor against the mortgagee wherever the removal of the fixtures will not materially injure the premises, and the injury in mind is physical damage, defacement, or tearing down as of walls or structures; not merely the deprivation of things that may be useful or advantageous in carrying on enterprises upon the land. In the case last cited, Catlin v. C. E. Rosenbaum Co., 180 Ark. 739,

22 S.W.(2d) 906, the particular chattel involved was an eighty-horse power Muncie oil engine installed upon a rice farm in the same manner and for the identical uses as was the engine in this case. The mere extraction of fastening bolts from and moving of the engine in this case could cause no injury to the freehold within the intention of the Arkansas decisions.

█ The appellant, however, contends that, when Fairbanks, Morse & Co. filed its claim with the administrator of the estate of Mr. Girerd and the same was allowed and reported by the administrator to the probate court, the company thereby lost its right to retake the engine under the conditional sales contract. The argument is that the filing of the claim constituted an election to treat the sale as an absolute one, and should be deemed to be a waiver of the retention of title.

The Supreme Court of Arkansas has held that a vendor of chattels under a conditional sales contract who sues and recovers personal judgment for the purchase price is deemed to have made an election of remedies and to have waived his right to repossess the chattels. Butler v. Dodson, 78 Ark. 569, 94 S. W. 703; Id., 101 Ark. 416, 142 S. W. 503, 39 L. R. A. (N. S.) 1100, Ann. Cas. 1913E, 1001; Hollenberg Music Co. v. Bankston, 107 Ark. 337, 154 S. W. 1139; Hollenberg Music Co. v. Barron, 100 Ark. 403, 140 S. W. 582, 36 L. R. A. (N. S.) 594, Ann. Cas. 1913C, 659; Jones v. Bank of Commerce, 131 Ark. 362, 199 S. W. 103; Olson v. Moody, Knight & Lewis, 156 Ark. 319, 246 S. W. 3; Beene Motor Co. v. Dison, 180 Ark. 1064, 23 S.W.(2d) 971. Although we are not cited to any case in Arkansas holding that the filing of his claim in probate by the vendor under a conditional sales contract has the effect of waiver, it is urged that such proceeding is equivalent to suit and recovery of personal judgment. Gordon Hollow Blast Grate Co. v. Zearing, 130 Ark. 535, 198 S. W. 97; Fort v. Blagg, 38 Ark. 471; Brown v. Hanauer, 48 Ark. 277, 3 S. W. 27; Apel v. Kelsey, 52 Ark. 341, 12 S. W. 703, 20 Am. St. Rep. 183; Id., 47 Ark. 413, 2 S. W. 102; Davis v. Rhea, 90 Ark. 261, 119 S. W. 271.

In order to determine the purpose, and therefore the effect, of the filing of the claim in probate by Fairbanks, Morse & Co., we must look to the actual situation. The administrator of Mr. Girerd's estate succeeded to the rights of Mr. Girerd under the conditional sales contract, including the right to take and use the engine and the right to pro-

tect Mr. Girerd's substantial investment therein by paying off the further installments. This the administrator could not safely do until the probate court, on being satisfied of the amount due and the advantage to the estate, gave its order of approval, and that required the presentation of the notes as well as of the contract in the probate court. The evidence does not show whether any installment had matured or was delinquent at the time the claim was exhibited in probate. The statute of Arkansas concerning the filing of claims against the estates of deceased persons is entirely consistent with claims being presented for such a purpose as stated; that is, the purpose of permitting the administrator to carry out his conditional sales contract. It provides, section 100, Crawford & Moses' Dig. Ark. 1921:

"Any person may exhibit his claim against any estate as follows:

"If the demand be founded on a * * * written contract, by delivering to the executor or administrator a copy of such instrument, * * * exhibiting the original."

If in this case the contract and the notes were so exhibited, pursuant to the statute, it would not reflect any abandonment by Fairbanks, Morse & Co. of its rights under the conditional sales contract. On the contrary, it might reflect a mutual intention on the part of Fairbanks, Morse & Co. and the administrator that the conditional sales contract should be carried out in exact accordance with its terms. This case was tried in the District Court upon an agreed statement of facts in lieu of testimony. The only statement concerning the filing of the claim is:

"12. That after the death of John F. Girerd, the Fairbanks, Morse & Company, who then owned the notes described above (including the note now held by Mrs. Augusta Garot) filed its claim for said debt, with the administrator, P. J. Garot, and (sic.) was allowed and reported by Garot to the Probate Court."

As it does not appear that the claim was filed for the sole purpose of subjecting the assets of the estate to the payment of the notes, and as it does not appear that any steps were taken to subject the general assets to such payment, the facts stated are not sufficient to sustain the appellant's contention.

The only case cited to the point that the filing of a claim in probate by a conditional vendor of chattels worked abandonment of the right to retake the chattels is Holt Mfg. Co. v. Ewing, 109 Cal. 353, 42 P. 435, 436. It appeared in that case that the conditional vendor of chattels filed in probate the purchase-money notes taken in connection with the conditional sales contract, and did not make mention of the terms of the sales contract, and asserted no right other than the enforcement of the payment of the notes by the estate. After the filing of the claim in this manner the conditionally sold property was sold under order of the probate court to satisfy general creditors, and thereafter the conditional vendor attempted to obtain a preference in the proceeds. The court said: "Default had been made by the purchaser long before Ewing's death. In fact, no payment had been made until more than a month after the first note became due. The right, therefore, of the plaintiff to have pursued and retaken the property existed before Ewing's death. If no default had been made prior to the presentation of the claim to the administratrix, it could properly have been presented as a contingent claim against the estate, the facts all being stated in the claim as presented; for, if no default had been made, the seller could not retake the property, and it would have been the right of the estate to have performed the contract by payment, and thus have acquired the absolute right to the property for the benefit of the estate. But, the default having occurred, and the plaintiff having the right, at and before the time of the presentation of the claim, to pursue the remedy secured to it in the contract of retaking the property, there was clearly an election not to avail itself of this right, but of looking to the estate for the payment of the balance due upon the contract. And this is the more apparent from the fact that in the claim, as presented, no mention was made of the terms of the contract, nor any assertion of any right other than the enforcement of the payment of the notes by the estate."

The case does not support the contention of appellant, but aids the conclusion that Mrs. Garot did not lose her rights in the engine by reason of the claim filed in the probate of Mr. Girerd's estate, and Mrs. Garot was entitled to all the rights in and to the engine reserved by the conditional sales contract.

But appellant contends that under the law of Arkansas the exclusive remedy accorded to the unpaid vendor of chattels upon conditional sales contracts is to proceed at law by attachment and suit, pursuant to sections 8729 and 8730, Crawford & Moses' Dig., and that Mrs. Garot was not entitled to foreclosure in equity. Olson v. Moody, Knight & Lewis,

156 Ark. 319, 246 S. W. 3. This suit, however, was brought by the savings bank itself by a bill in equity in the federal court, and Mrs. Garot was made defendant and drawn in by waiver of chancery subpœna. In suits in equity in the federal court the powers of the court are not limited by procedural restrictions of the state statute. By the filing of the bill and joinder of issues for mortgage foreclosure and the process, the parties, the land, and the engine were brought within the jurisdiction of the equity court, and the claim of the savings bank that its mortgage lien covered the engine and was prior and paramount to any right that Mrs. Garot had in the engine properly imposed upon the court the jurisdiction and the duty to decide upon the respective claims of interest in the engine. Having decided that the right of Mrs. Garot was superior to the right of the savings bank, it was within the jurisdiction of the court to make its decision effective. Greer Inv. Co. v. Booth (C. C. A.) 62 F.(2d) 321; People of Porto Rico v. Livingston (C. C. A.) 47 F.(2d) 712; Magnolia Petroleum Co. v. Suits (C. C. A.) 43 F.(2d) 280; Burkart Mfg. Co. v. Case, 39 F.(2d) 5, 7 (C. C. A. 8); Connecticut Fire Ins. Co. v. McNeil (C. C. A.) 35 F.(2d) 675; Quinton v. Neville, 154 F. 432 (C. C. A. 8); Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221, 64 L. Ed. 445; McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955. It did so by ordering the property then within its jurisdiction to be sold and directing that the proceeds be applied first to the part of the unpaid purchase price which was due to Mrs. Garot, and then to the savings bank. Nearly $4,500 out of the total purchase price of $5,702 had already been paid to Fairbanks, Morse & Co., and it would have been manifestly unjust to order restoration of the engine to the vendor or its successor, Mrs. Garot, on account of the single installment unpaid. To treat the interest of the conditional sales vendor as in the nature of a mortgage and to award a lien and foreclose the same is familiar practice in the federal courts of equity. McFadden Securities Co. v. Stoneleigh Garage, 60 App. D. C. 400, 55 F.(2d) 1025; In re National Cash Register Co. (C. C. A.) 174 F. 579; In re Bettman-Johnson Co. (C. C. A.) 250 F. 657. The decree was without prejudice or injustice to the savings bank.

We deem it unnecessary to discuss the questions raised upon viewing the sales contract as a chattel mortgage, or the rights of Mrs. Garot as those of a mortgage lienor, or the cases cited in that connection. Mrs. Garot was accorded by the decree only such rights as she was entitled to as vendor under a conditional sales contract, namely, the selling of the property to satisfy the last remaining unpaid installment of the purchase price, and there being no error prejudicial to the appellant, the decree is affirmed.