Woodsmall *v.* George.

5-3254                                              377 S. W. 2d 175

Opinion delivered April 6, 1964.

*Douglas Bradley,* for appellant.

*Mitchell D. Moore,* for appellee.

Paul Ward, Associate Justice. The issue for decision grows out of the sale of a combine and a title retention note. The material facts are not in dispute.

Appellee, Louis George, d/b/a Louis George Motor Company (hereafter referred to as George), sold an Allis Chalmers 66 combine to J. C. Henry for the price of $1,575 on October 11, 1956. Henry paid $325 cash as a down payment and executed a title retaining note for the balance of the purchase price (plus $37.50 for life insurance). One payment of $300 was due January 1, 1957, and the other payment of $987.50 was due November 15, 1957. Four days after the note was executed Henry assigned it to the Mississippi County Bank.

Henry was unable to make the $300 payment due January 1, 1957, and George agreed not to repossess the combine if Henry would give him satisfactory security. So, on January 18, 1957 Henry executed another note

924

for $300 payable to George due October 15, 1957. Appellant was an accommodation signer on this note and George agreed to accept it.

When the $987.50 became due on October 15, 1957 it was also not paid by Henry, and George repossessed the combine. Shortly thereafter George paid the bank $1,407.10 and the title retention note was turned over to him.

Some four years later — on June 2, 1962 — George filed this suit against Henry and appellant to recover on the $300 note executed by them on January 18, 1957, but no service was had on Henry. Appellant filed an answer contending he was only an accommodation endorser and that Henry's indebtedness to George was extinguished (or satisfied) when he repossessed the combine. The cause was tried before a jury, and after both sides rested, the court directed a verdict in favor of George in the sum of $300. Thereupon appellant filed a motion for judgment non obstante veredicto, and this motion was overruled. This appeal follows.

In addition to the facts above set out George (the only witness), in material parts, testified in regard to the $300 note signed by appellant as follows:

"Q. Did the note have anything to do with the sale price of the combine?

"A. None at all. All it did was secure the payment.

"Q. Why did you have Mr. Woodsmall to endorse the note?

"A. I told Mr. Henry to get somebody that was good enough that would secure me for the amount of that note for the payment he couldn't pay at that time, that I would go ahead and accept it."

*    *    *    *    *

"Q. Now, you did, after receipt of this note, Plaintiff's Exhibit 1, you did thereafter repossess this combine, didn't you?

A. Yes, sir.

"Q. You didn't turn that note over to the bank?

"A. No.

"Q. At the time you took this note, the bank owned that title retaining note?

"A. Yes."

In our opinion the only reasonable deduction that can be drawn from the above is that George took the accommodation note to secure the payment of the $300 due on the title retention note—in fact he so states. If George, had, in truth and in fact, taken the note as a payment on the prime note, then credit should have been so indicated. Moreover, at the time the accommodation note was executed, the bank was the owner of the prime note and so George had no power to force the bank to accept a note in lieu of cash.

Under the above factual situation, when applied to the numerous uniform decisions of this court, the trial court should have directed a verdict in favor of appellant.

In *Hollenberg Music Company* v. *Bankston,* 107 Ark. 337, 154 S. W. 1139, the Court said:

"When a debt, secured by a reservation of title, matures, the vendor has the right to retake the property and thus cancel the debt, or he may bring his action to recover the debt, and thus affirm the sale and waive the reservation of title; and as a general rule, the choice of inconsistent remedies abandons and debars the pursuit of any except the one chosen. *Dudley E. Jones* v. *Daniel,* 67 Ark. 208. But this choice of remedies is to be exercised in the event only that the vendor *decides to take some affirmative action.* He is not required to act simply because the debt has matured." (Emphasis added)

*Beene Motor Company* v. *Dison,* 180 Ark. 1064, 23 S. W. 2d 971, held:

". . . when appellant retook possession of the car, it elected to take the property to which title had been retained, and thereby cancel the indebtedness. It had

only one of two remedies; either it could have treated the sale as canceled and repossessed the property, as it did, or treat the sale as absolute, and sue for the purchase price.

*    *    *    *    *

". . . when appellant elected to retake the truck, it also elected to cancel the balance of the indebtedness due against the car, which had the effect of relieving the appellee Shepherd either as surety or joint maker on the note."

This Court said in *Oliver, Wheeler, Thomas Company, Inc.* v. *Boon, Administrator*, 224 Ark. 830, 276 S. W. 2d 417:

"When title is retained as security for the unpaid debt, the seller cannot be permitted to recapture the property and also to exact its price from the buyer."

Quoting from *Gale & Company* v. *Wallace*, 210 Ark. 161, 194 S. W. 2d 881, in *Noble Gill Pontiac, Inc.* v. *Bassett*, 227 Ark. 211, 297 S. W. 2d 658, we stated:

" 'When the debt becomes due the vendor, in sales of this character, may bring an action to recover the debt, and by this he affirms the sale and waives the reservation of title; or he may elect to take the property, and by doing so, cancels the debt. He may not, however, have both remedies, and, where he elects to retake the property an action to recover on the debt is barred.' "

In view of what we have heretofore said, it is our opinion that when George repossessed the combine he elected to disclaim the sale and thereby also released Henry of all indebtedness. It is undisputed that appellant would not be liable unless Henry was also liable.

Reversed and Dismissed.

McFADDIN and ROBINSON, JJ., dissent.

ED. F. McFADDIN, Associate Justice (concurring and dissenting). I reach the conclusion that the judgment of the Circuit Court should be reversed and the cause remanded for a new trial; so I concur with the Ma-

jority in reversing the judgment, but dissent from the Majority as regards dismissing the case.

George filed suit against Woodsmall on the $300.00 note, and Woodsmall admitted the execution of the note. The record shows that at the close of the case by George, Woodsmall also rested without offering any evidence; and then the Court, on its own motion, directed a verdict for the plaintiff. I think the case should have been submitted to the jury on the record made.

If George accepted the $300.00 note signed by Woodsmall as a *payment* on the larger note, then the repossession of the combine, for the remaining balance due on the larger note, would not have released Woodsmall from the note which he signed and which was accepted as a *payment* on the larger note. On the other hand, if George took the $300.00 note signed by Woodsmall as *additional security* for the larger note, then repossessing the combine under the larger note would have released Woodsmall on the $300.00 note. So the question should have been submitted to the jury on the evidence offered as to whether George took the note signed by Woodsmall as *payment* or as *additional security*. I think a fact question was made for the jury, and the case should be remanded for a new trial.

Justice Robinson joins with me in the views herein.